Stone, J.
This is an original proceeding by quo warranto to determine the authority of the defendant to exercise the office and functions of a court or magistrate under the title of police judge of the city of Leadville. The complaint alleges in substance that the defendant usurps the office and franchise of police judge of the city of Leadville; that as such assumed judicial officer he causes arrests to be made under warrants issued by him; that he imposes fines and costs, and commits to prison in case of nonpayment; that he declares his purpose to continute such acts; that he is wholly without right to exercise such power; that he claims power for such exercise from the city council of Leadville; that said city of Leadville has never been organized according to law; that such city council has no legal existence and no power to appoint a police judge; that there is no law of the state or ordinance of that city providing for a police court, or any system of procedure or practice for such court.
The answer denies all usurpation, and avers a right in the defendant to hold and exercise the office; that he was duly elected police judge by the city council; that he quailfied according to law, and still lawfully holds and exercises the office; that if the city of Leadville was not duly organized pursuant to law, it is now too late to raise that question.
*296 Upon the hearing it was stipulated by counsel for the relator and the defendant respectively, that the city of Leadville has, since its organization, exercised, and still exercises the rights and powers of a municipal corporation, and has had, and still has in office a board of municipal officers exercising the duties of their respective offices, and that the legality of the organization of the municipality has not been legally denied or questioned for more than one year since such organization.
The stipulation under section 2743 of the general laws of the state disposes of the question involving the legality of the formation and organization of the city as a municipal corporation.
The essential question is, has the defendant lawful authority to exercise the functions of a judicial officer, to hold a court, entertain jurisdiction of offenses, issue process, try accused persons, impose penalties and inflict punishment ? If he possesses such authority, whence is it derived ?
The provisions of law directly affecting this question are these:
Constitution" Art. VI, Section 1. The judicial power of the state shall be vested in a Supreme Court, district courts, county courts, justices of the peace, and such other courts as may be created by law for cities and incorporated towns.
Section 26. The general assembly shall have power to provide for creating police magistrates for cities and towns, who shall have jurisdiction of all cases arising under the ordinances of such cities and towns.
These two sections embrace all the direct declarations of the constitution on the subject.
II. The general laws, Chap. C, Section 2658. Appeals shall be allowed from the judgment of any justice of the peace, or mayor, or police magistrate, to the county court, in cases arising under this act, or the ordinances of any city or town, as in other cases.
Section 2661. Any and all justices of the peace and police magistrates shall have jurisdiction in all cases arising under the provisions of this act, or any ordinance passed in pursuance thereof, or the city council may designate one justice of the peace who shall have such jurisdiction exclusively.
Section 2720. In cities of the second class, the city council may elect a solicitor and a police judge.
*297 The following provisions have an indirect bearing on the question :
Constitution, Art. V, Section 25. The general assembly shall not pass local or special laws regulating the practice of courts of justice, the jurisdiction and the duties of justices of the p^ace, police magistrates or constables.
Constitution, Art. VI, Section 28. All laws relating to Courts shall be general and of uniform operation throughout the state, and the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade shall be uniform.
Section 2714 of the general laws provides, inter alia, that (in cities of the first class) “the city council may elect a city attorney or solicitor, a marshal, a police judge and a city engineer. Each of said officers shall have such powers and perform such duties as are prescribed in this act, or by general laws, or by ordinance of the city not inconsistent herewith.”
From a consideration of these provision of law, it will be seen that the creation of police judge, or the establishment of a court for a city or incorporated town with a judicial officer, under the designation of police judge, comes within the purview of the constitutional provisions above quoted.
It also appears that the legislature has, by general law, conferred upon cities of the class to which Leadville belongs, authority for the election of an officer in the mode and under the name by which the defendant claims to have been appointed and designated.
But here the legislature stopped, and has failed to define the powers of a police judge, to establish his jurisdiction, or provide a mode of procedure for the exercise of judicial functions. These are essentials of a court. To create a judicial officer, by name merely, without defining his duties and providing the manner of their exercise, does not constitutes a court.
It is contended by counsel for defendant that a “police judge” is comprehended in the term “police magistrate,” and that as the latter has an established jurisdiction, the former is in contemplation of law invested with the same powers.
Upon examination of all that our laws contain respecting police magistrates, we are forced to conclude that this contention of defendant is untenable. Precisely what a police magistrate is, *298 under our statute, has nowhere therein been very clearly defined. The first general laws of the territory relating to towns and cities, provided that actions arising under the ordinances of any town incorporated under that statute (1868) should be brought before any justice of the peace residing within the town, or if there were none such, then before any justice of the peace of the county, “or other court of competent jurisdiction.” By “other court” was evidently meant some one already established by existing law, such as the probate court. R. S., p. 615, Secs. 1 and 5.
Section 9 of the act relating to the city of Denver, approved February 13, 1874, provides that the city council may “designate in such manner as they may determine, one person resident within said city, upon whom, by the laws of the territory, shall have been conferred the jurisdiction of justice of the peace, and such person when so designated by the city council shall have jurisdiction in all cases arising under this act and the ordinances of the city of Denver, except,” etc. A subsequent section of the same act (Ses. Laws, 1874, p. 288) authorizes the arrest of persons “committing any offense against the laws of the territory or the ordinances of the city,” and bringing such persons “before a police magistrate or other competent authority for examination,” and refers to the process therefor, “issued by any police magistrate or by any justice of the peace in criminal matters within the limits of the city.”
Next comes the constitutional provision referring to “police magistrates for cities and towns,” and thereafter the state statute (Sec. 2661, G. L.) that “any and all justices of the peace and police magistrates shall have jurisdiction in all cases arising under the provisions of this act, or any ordinances passed in pursuance thereof, or the city council may designate one justice of the peace who shall have such jurisdiction exclusively.”
This provision of the state laws would seem to have been borrowed in substance from the similar provision in the act cited above relating to the city of Denver.
The word magistrate itself is a generic term including many public civil officers, executive and judicial, from the president of the United States down to justices of the peace. A police magistrate, without other legal definition, supposes some officer of the state or some municipal division thereof invested with authority— executive or judicial—relating to the administration of police or *299 municipal laws. The persons referred to in section 2661 as police magistrates, are not defined to be officers distinct from ordinary justices of the peace, expect in so far as they may, as such justices of the peace, have been designated or appointed by the city council to have exclusive jurisdiction of cases arising under the ordinances of such city. For since the law has provided no mode of creating a police magistrate except by the election of an ordinary justice of the peace, and since by the express terms of the statute all justices of the peace are vested with jurisdiction of all cases arising under the ordinances of cities and towns, it follows that all justices of the peace are equally police magistrates, and may equally exercise such function, unless one such shall have been appointed by the city council to have and exercise exclusive police jurisdiction.
A police magistrate, therefore, under existing laws in this state, must be a justice of the peace duly elected and qualified primarily, and as such becomes a police magistrate ex officio.
In the agreed statement of facts filed in this case, it is admitted that the defendant at the time of his appointment of police judge was not, nor is he now a justice of the peace in any precinct of Lake county, but at the time of his said appointment was a private citizen, holding no office of trust or profit whatever, judicial or otherwise. It cannot, therefore, be maintained that the defendant is a police magistrate as we hold that office to be defined in the meaning of the law.
If, then, the defendant has no authority as a justice of the peace or police magistrate, what power and jurisdiction, if any, does he otherwise lawfully possess ?
The copy of the ordinances of the city of Leadville which have a bearing upon the case, and which have been certified up to us, sets forth certain powers conferred upon the office of police judge, and prescribes certain forms of procedure for the exercise of such powers. Among others, it is provided that the police judge, in all matters pertaining to the duties of his office in judicial proceedings respecting which there is no specific provision by'the ordinances of Leadville, “shall be governed by the laws pertaining to and regulating the practice and proceedings in justices courts, so far as the same may be applicable;” and in the forms for summons and warrant for arrest, set out in the ordinance, it *300 appears that the police judge is to subscribe himself in such writs, not as police judge, eo nomine, but as “justice of the peace.”
Thus we find that the jurisdiction and mode of procedure provided for the defendant was prescribed in part by the city council directly, and for the rest he was by the same authority directed to select and appropriate so much of the general law relating to another class of officers, as in his judgment and discretion he should deem applicable and proper.
We have already seen that not being a justice of the peace he could assume the authority of such an office only by usurpation, and certainly it cannot be contended that the municipal authorities of Leadville can confer statutory powers upon an officer of their own election for whom no statutory powers have been prescribed by the legislature, even although they may have been fully empowered by the statute to elect such officer merely.
The city council possesses no lawfully delegated power from the general assembly to legislate for such purpose. And this last consideration applies with equal force to the powers sought to be conferred upon the defendant by municipal ordinances.
True, section 2714 (G. L.), relating to cities of the first class, provides that the city council may elect a city attorney or solicitor, a marshal, a police judge and a city engineer; each of said officers shall have such powers and perform such duties as are prescribed in this act or by general law, “or by ordinances of the city not inconsistent herewith,” and as we have already stated, the city council of Leadville has attempted to confer the powers and prescribe the duties of the defendant as police judge, by the enactment of the ordinances referred to.
But this does not help the case, for aside from the question of the legality of the re-delegation of authority to legislate respecting such office, the insuperable objections arise that Leadville is not within the class of cities embraced in this section (2714), and if even by any stretch of construction this section could be made to apply to cities of the second class, that clause relating to ordinances would be violative of the uniformity provision of the constitution, unless it means, as we incline to think it does, merely that in addition to, or as incident to the powers and duties to be prescribed for such officers by general law, they shall take cognizance of cases coming under such ordinances of the city as the council may adopt, not inconsistent with the general law.
*301 After authorizing the appointment of police judge by the town council of cities of the second class, the legislature stopped short of either directly conferring, or of delegating authority to go further. An obvious reason for this is found in the constitutional provision already cited requiring uniformity in the jurisdiction and practice of all courts in the state of the same grade or class. Such an uniformity could not be made possible were the local authorities of each town and city vested with the power of establishing courts, and prescribing the jurisdiction and practice of its judicial officers, each having a local and limited jurisdiction, each likely to be as distinct as the diverse character of the different towns for which they were created, and therefore necessarily sui generis.
It can scarcely admit of doubt that all courts and judicial officers in contemplation of the constitution are to be created, established, limited, and the exercise of their powers provided for by general law emanating from the legislative authority of the state. A popular but mistaken impression prevails to some extent, that all civil officers whose duties embrace municipal laws, ordinances and regulations, are purely local or municipal in their character and have no general relation to the body politic of the state.
It must be borne in mind that there is a legal distinction between state officers—that is, officers whose duties concern the state at large, or the general public, although exercised within defined limits—and municipal officers strictly, whose functions relate exclusively to the particular municipality.
“The administration of justice, the preservation of the public peace, and the like, although confined to local agencies, are essentially matters of public concern, while the enforcement of municipal by-laws proper, the establishment of gas works, of water works, the construction of sewers, and the like, are matters which pertain to the municipality as distinguished from the state at large.” Dillon on Municipal Corporations, Secs. 33, 34, 773.
In the case of The People ex rel., etc., v. Hurlburt, 24 Mich., 82, it is said by the learned Chief Justice Campbell in treating of this distinction, that the preservation of the peace has always been regarded, both in England and America, as one of the most important prerogatives of the state. It is not the peace of the city or county, but the peace of the king or state that is violated *302 by crimes and disorders. The prosecution is on behalf of the state. The trial is before tribunals created and regulated by the state. The remission of punishment is by the governor of the state. “No municipality in this state was ever allowed to determine for itself what court should be created within it, or to regulate their jurisdiction, or to delegate the powers of conservation of the peace to persons not indicated for that purpose by the legislative direction.” * * * “Our constitution confides the judicial power to no court but those organized under the direct sanction and regulation of state law. No portion of this power can be delegated to cities, and courts may be established to act in municipalities, and their judges may be elected by the citizens, but their power must all be defined by state legislation, which authorizes and establishes them, and the number and qualifications of jurors are understate control. The whole judicial power is governed by Article VI of the constitution, and it cannot be lodged anywhere except as authorized by that article. All process runs in the name of the people of the state of Michigan.”
The clause in Article VI of the Michigan constitution providing for the establishment by legislative authority of municipal courts in cities and towns, does not substantially differ from the provision for like purposes in Article VI of our own constitution.
Upon the same point the Supreme Court of Virginia, in defining “city officers,” classes among them city engineers and officers having control of streets, parks, water works, gas works, sewers, hospitals, cemeteries, health inspectors and the like, whose duties and functions relate exclusively to local affairs of the city, and in the conduct and administration of which the city is alone interested. On the other hand it is said, “ there are many officers, such as city judge, sergeant, clerk, commonwealth’s attorney, treasurer, sheriff, high constable and the like, some of whom are recognized in the constitution, while others are not. All these are generally mentioned as city officers, and are even so designated in the constitution, but no one has ever contended that either of them is in any way subject to the control and removal by the mayor. The reason is, that while they are elected or appointed for the city, and while their jurisdiction is confined to the local limits, their duties and functions in a measure concern the whole state. They are state agencies and instrumentalities operating *303 to some extent through the medium of city charters in the preservation of public peace and good government. However elected or appointed, and however paid, they are as much state officers as constables, justices of the peace and commonwealth’s attorneys, whose jurisdiction is confined to particular counties." Burch v. Hardwicke, 30 Grat., 20, (32 Am. Rep., 640.)
It thus appears to be clearly established that the administration of justice, the preservation of the public peace, and the protection of the rights of the citizen, although confided to local agencies, are essentially matters of public concern, while the enforcement of municipal by-laws and regulations as above illustrated, are matters which pertain to the municipal corporation merely, as distinguished from the state at large.
Under the construction we are constrained to put upon the constitution and statute law of our state, and the application of the principles laid down in the authorities above cited, we are led to the conclusion that the office of police judge, as denominated in sections 2714 and 2720 of the general laws, can only be established and fully equipped for service by the legislature of the state; that such officer is not the creature of the municipal authority of a city or town—that such municipal authority cannot invest the office with any powers or functions of its own creation. It has no power to confer jurisdiction or prescribe a mode of practice and procedure for a court or any judicial officer, which can only be done by the express provisions of general law, nor can it in respect of a police judge created under the provisions of the statute referred to, clothe such officer in the judicial habiliments of a justice of the peace, or any other judicial officer whose magisterial garb has been made by the legislature expressly for the latter’s use.
In the case of Deits v. the City of Central, 1 Colorado, 323, it was held that the name or term “police judge,” was an unwarranted assumption of official title in one who had been elected under the city charter as a justice of the peace, and whose lawful powers were held by a majority of the court to be those of a justice of the peace merely; but this case, although cited by counsel in the case before us, is little in point, for the reason that the holding was based on the fact that no officer under such denomination was authorized by the organic act which expressly limited *304 the judicial officers of the territory to a Supreme Court, District courts, Probate courts and justices of the peace.
As a matter of rather curious historical interest, it may be observed that under the provisions of the territorial charter for the incorporation of the town of Georgetown, in 1868, an officer with the title of police judge was elected who was thereby made the presiding officer of the board of selectmen or town council, and allowed the casting vote in cases of a tie; he was also the judicial officer of the town, and constituted a court with jurisdiction over all cases arising under the ordinances of the town, as well as in all civil and criminal proceedings arising under the laws of the territory, to the same extent as a justice of the peace; and in addition to all this he was made by the charter the chief executive officer of the town for the purpose of enforcing his own judgments and decrees. Such a rare combination of legislative, judicial and executive power has probably been conferred upon but few favored citizens in the history of our republican government.
For what reason the legislature failed to provide for a court with its established jurisdiction and necessary machinery for carrying out the purpose intended in authorizing the election of a police judge by the corporate boards of cities, it would be useless speculation to inquire.
We may fairly assume it to be a casus omissus, and such an omission, it is held, can in no case be supplied by a court of law. Broom’s Legal Maxims, 46.
From the foregoing consideration of the law touching this controversy, we reach the conclusion that upon the pleadings and stipulated facts in the case, the defendant has failed to justify, and is not entitled to exercise the rights, powers and functions he claims and has assumed regarding the office in question.
Since this is an original proceeding, brought to this court in the first instance, it is therefore considered and adjudged that the defendant, John R. Curley, is guilty of usurping and unlawfully holding and exercising the office called police judge of the city of Leadville, in the county of Lake, and the state of Colorado, and that by the judgment of this court he, the said John R. Cur-ley, be ousted and excluded from said office and franchises, and any and all exercise thereof, and that he pay the costs of this proceeding. Judgment against the defendant.