[No. 3904.]

LAMSON ET AL. v. VAILES ET AL.

1. WATER RIGHTS—JURISDICTION—LANDS OUTSIDE THE STATE.

The courts of this state have no jurisdiction to award priorities to the use of water to a ditch intended to water lands outside the state, although the ditch has its headgate within the state.

2. WATER RIGHTS—EVIDENCE—FINDING OF REFEREE.

Where a referee in a proceeding to adjudicate priorities to use of water for irrigation, who heard the witnesses, recommended an award of twelve cubic feet to a ditch which the court reduced to four cubic feet and it does not appear why the court made the change and the evidence is too indefinite to enable the supreme court to determine from it the quantity of water the ditch should have, the cause will

be reversed and remanded with directions to the trial court to proceed upon the evidence before it together with such other evidence as may be offered to determine the quantity of water the ditch is entitled to.

*Appeal from the District Court of La Plata County.*

Mr. S. W. CARPENTER, Mr. B. W. RITTER and Messrs. TALBOT, DENISON & WADLEY, for appellants.

Mr. RICHARD McCLOUD and Mr. REESE McCLOSKEY, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an appeal from a portion of a decree of the district court of La Plata county rendered in a proceeding instituted under the irrigation statutes of 1879 and 1881 for the adjudication of the priorities to the use of water for irrigation in water district No. 33. The questions argued by counsel are, one of fact, and two, of law.

The question of fact is embraced within an assignment of error that a less quantity of water was awarded to the ditch of appellants than that to which the evidence entitled it; but, as will be seen later in the opinion, this is eliminated from the present discussion.

The material facts out of which spring the legal propositions are these: The point of diversion of the ditch of appellants is in the state of Colorado, and the lands for the irrigation of which the ditch was constructed as a carrier, are situate partly in the state of Colorado, and in part in the territory of New Mexico. The legal questions discussed are: First, can water be appropriated by diversion in Colorado for use in New Mexico? In other words, may one owning land in the territory of New Mexico, whether he be a citizen of the state of Colorado or of some other state or territory of the Union, make a diversion in this state from the waters of

a nonnavigable stream, and convey the same into the territory of New Mexico for the irrigation of lands therein? Second, has the district court of La Plata county, under the so-called irrigation statutes, jurisdiction in the statutory proceeding, to award priorities to a ditch which, though having its headgate in this state, was intended to, and does, carry water outside of this state and into the territory of New Mexico for the irrigation of lands there?

The first is a very important question, and one which, so far as we are advised, has not been passed upon by a court of last resort, though it is claimed that, in principle, the decision in *Howell v. Johnson*, 89 Fed. Rep. 556, is authority for the contention. Certain it is that it is a case of first impression in this jurisdiction. In the view we take of the second legal proposition, it is not necessary to a decision of this appeal to determine the first.

It is clear that the court below, in deciding that it had not jurisdiction to award a priority to the ditch of appellants for the irrigation of lands in New Mexico, but only to the extent that the appropriation was made for lands in Colorado, was right under the statutes governing this special proceeding. The appellants contend that sections 2399 and 2403, Mills' Ann. Stats. (Gen. Stats. 1883, secs. 1762, 1766) contemplate an adjudication for settling the priority of rights for irrigation for all ditches whose points of diversion are within the state, even though the lands to be irrigated are, in whole or in part, beyond its territorial limits. These sections provide for an adjudication of priorities for ditches drawing water for irrigation from the same stream or its tributaries within the same water districts. If driven to that extremity, it would not be difficult, from the language used, to demonstrate that the adjudication was limited to ditches, etc., used for irrigating lands in this state only, though the language does not in terms so provide. We do not, however, rest our conclusion solely upon the language of these sections.

We cannot presume that the general assembly intended to enact a law to operate beyond the territorial limits of the

state. The distinction sought to be made by appellants that the point of diversion of the ditch is the sole factor determining the jurisdiction of the court, is not good.

The statutes under which this proceeding was instituted, those creating the various water districts, and our entire irrigation law, must be taken together, and, if possible, the different provisions so interpreted as to give effect to all, and make them harmonious, the one with the other. It is not to be supposed that the state was legislating for the reclamation, or irrigation, of lands beyond its boundaries, or making provisions by the way of police regulations (which we have held these statutes, in some measure, to be) over a territory beyond its jurisdiction.

The different acts establishing water districts (1 Mills' Ann. Stats. sec. 2310, *et seq.;* Gen. Stats. 1883, sec. 1741, *et seq.*) either in terms declare, or by implication assume, that these districts are restricted to lands within the state; and the particular act creating district No. 33, the one in question, is: "That district number thirty-three shall consist of all lands lying in the state of Colorado irrigated from ditches or canals, taking water from the La Plata river, and its tributaries, which lie in Colorado." 1 Mills' Ann. Stats. sec. 2344 (Sess. Laws, 1885, p. 259, sec. 26). The earliest territorial acts expressly confine legislation relating to irrigation to lands situate in the territory. 1 Mills' Ann. Stats. sec. 2256, *et seq.*, Gen Stats. 1883, sec. 1711. From these enactments it is altogether conclusive that, in these proceedings at least, the intention of the general assembly was to limit the adjudication to ditches irrigating lands situate in this state, and not elsewhere.

Such being our conclusion, it is unnecessary, as we have said, to pass upon the other legal proposition pressed upon us. No complaint having been made of the quantity of water awarded for the irrigation of appellants' lands situate in Colorado, and the additional quantity to which they claim they are entitled being based upon their attempted diversion and appropriation for the benefit of lands in New Mexico, it be-

comes unnecessary to determine the assignment of error based upon an alleged erroneous award.

The decree of the district court is in accord with the views herein expressed, and it is affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM. As will be seen from the concluding sentence of the foregoing opinion, we refused to pass upon the assignment of error that an insufficient quantity of water was decreed. This action was based upon a statement in appellant's original brief to the effect that their claim therefor was based upon an attempted appropriation for lands in New Mexico.

In their petition for rehearing, and in their argument in its support, appellants maintain that, though such statement be susceptible of that interpretation, their true position was, and is, that under the evidence they are entitled to a larger quantity of water than they received, for irrigating their Colorado lands.

An examination of the record satisfies us that appellants' position was misapprehended, and we have, therefore, examined the record with a view to ascertain its soundness. The referee who heard the witnesses testify recommended that to appellants' ditch there be awarded a priority of twelve cubic feet per second of time, which the court reduced to four cubic feet. We do not know why this change was made. The appellees maintain that the reduction was made because the referee's award was based largely, if not altogether, upon the original carrying capacity of the ditch, and the number of acres of land which it was intended to irrigate, and not upon the quantity of water that was actually applied to a beneficial use.

This may have been the principle adopted by the trial court, but, if so, its conclusion is not warranted. The evidence is so indefinite that we do not believe it practicable to determine from it the quantity of water appellants' ditch should have.

The original opinion, therefore, is modified in this particular only. The cause is remanded with instructions to the district court to proceed upon the evidence already before it, together with such additional evidence as the parties may see fit to introduce, to ascertain and determine the quantity of water to which the appellants' ditch is entitled for the benefit of lands situate in Colorado.

*Reversed and remanded.*