[No. 5302.]
[No. 2940 C. A.]

## ROBERSON v. THE PEOPLE EX REL. SOULE, WATER COMMISSIONER.

1. **Water Rights—Water Commissioner—Interference with His Discharge of Duties.**

    Interference with a water commissioner in the discharge of his official duties does not constitute contempt of court within Mills' Ann. Code, § 321, declaring disobedience to any lawful writ, order, rule or process issued by the court to be a contempt, since he is not an officer of the court in which the decree of priorities is entered under which he is distributing water, being appointed by the governor, and, to a certain extent, being under the control and direction of the irrigation division engineer and the state engineer.—P. 123.

2. **Same—Statutory Construction—Police Power.**

    Mills' Ann. Stats., §§ 2385, 2386, declare that any person who shall willfully interfere with any headgate or water box shall be guilty of a misdemeanor and, upon conviction, shall be fined and imprisoned; and that water commissioners shall, in the discharge of their duties, be invested with the powers of constables, and may arrest any person violating their orders relating to the opening or shutting down of headgates, or using of water for irrigation purposes, and take such offenders before the nearest justice of the peace, who may, upon conviction, impose a fine, and imprisonment in default of payment thereof. Held, that, under the above sections and the prior decisions of this court, it may well be said that a water commissioner in the discharge of his official duties is a police officer of the state, invested with the powers of a constable with authority to arrest persons so interfering with him, and this would seem to provide an ample remedy against those guilty of such interference without resorting to proceedings as for contempt of court.—P. 124.

*Error to the District Court of Garfield County.*
*Hon. John T. Shumate, Judge.*

Contempt proceedings by the people on the relation of Alvin M. Soule, water commissioner of water district No. 45, against Albert W. Roberson. From a judgment against defendant, he brings error.

*Reversed and remanded, with directions.*

Mr. C. W. Darrow and Mr. J. W. Dollison, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court:

Plaintiff in error was found guilty of contempt of court, fined $25.00, and ordered committed to the common jail of Garfield county until the fine and costs were paid, or until he be otherwise discharged.

The affidavit, the foundation of the proceeding, made by Alvin M. Soule, water commissioner of water district No. 45, in substance averred that, while the water commissioner was in the discharge of his official duties in regulating and adjusting the waters of Divide creek in said county and state, pursuant to the general decree of the court, adjudicating priority of rights to the use of water in water district No. 45, and the enforcement of other decrees of the court establishing priority rights to the waters of Divide creek, made and entered subsequent to said general decree, on July 30, 1903, he closed down the headgate of West Divide Creek Ditch No. 32 with priorities No. 42 and No. 98, and shut off all the water from said ditch and both of said priorities, and posted a notice on the headgate thereof, to the effect, that he had officially closed the same; and on the same day shut off the water of another ditch designated Garden ditch, which had no adjudicated priority; that on August 3, 1903, he notified plaintiff in error that he had shut down the headgate and turned the water away from said ditches; that on or about the 4th or 5th day of August, 1903, plaintiff in error raised the headgate of West Divide Creek ditch, and turned the waters of said West Divide creek into the West Divide Creek ditch, to the amount

of about 43 cubic feet per minute of time, and also raised the headgate of the Garden ditch and turned the water into said ditch, and that the water continued to flow into said ditches until August 6th, when affiant again, in his official capacity, shut down the headgates of said ditches, posted a notice to that effect thereon and notified plaintiff in error that he had done so; that plaintiff in error, within a few minutes thereafter, opened said headgates to said ditches, and again turned the water therein; that such acts of plaintiff in error were willful and in defiance of authority and in disregard of the orders of affiant in the premises and the decrees of the court, and interfered with and prevented affiant from performing his duties as water commissioner, and also interfered with the execution and enforcement of the decrees and orders of the court in the premises.

In response to a citation to show cause, plaintiff in error by his answer challenged the jurisdiction of the court, the sufficiency of the affidavit upon which the proceeding was based, and, while it denied many, if not all, of the allegations of the affidavit, virtually admitted the commission of the acts which the affidavit averred constituted contempt; in justification or mitigation of such acts, alleged that they were done under the advice of counsel. The answer further denied that plaintiff in error was a party to any one or more of the decrees relating to or affecting the water rights or ditches in water district No. 45, and denied any intention upon his part to violate any decree, writ, order, rule or process of the court.

A reply joined issue upon the affirmative allegations of new matter contained in the answer.

A jury trial was demanded by plaintiff in error, which was refused.

The court proceeded to hear the evidence, and at its conclusion entered the judgment above stated.

The evidence showed that plaintiff in error committed the acts set forth in the affidavit upon which the contempt was predicated—in fact, plaintiff in error admitted such acts when on the stand in his own behalf. The evidence also showed that plaintiff in error was not a party to any of the decrees relating to water rights in district No. 45, but that his wife was, and that in committing the acts complained of he was acting in her behalf.

As defendants in error make no appearance in this court, we are unadvised as to the position taken by the learned judge of the trial court, except as we gather the same from the record.

In ruling upon a tender of testimony the court said:

The Court: "The affidavit in this case alleges, that defendant was obstructing the water commissioner from performing his duties, who is no more than an officer of the court, under the statutes of this state, to put in full force and effect the decrees of this court, adjudicating water rights; the affidavit in this case further alleges that the water commissioner attempted to distribute the water under those decrees, regularly, and that in regulating and distributing the water under those decrees, and according to the prior rights, that he had closed down the headgates of the West Divide Creek ditch and the Garden ditch, which was not adjudicated, the other rights were subsequent to the rights which he attempted to allow; that the defendant in this case had raised the headgates in violation of the decrees of court, which the testimony shows; they admit all that and say it was done, that he did do these things, but it was done by advice of counsel. The only defense tendered so far is that he was not obstructing the decrees of the court; what counsel advised him in the matter, concerning the change, is not in this hear-

ing. If counsel advised him to disobey the water commissioner in enforcing the decrees of the court, he should himself have known better. It only goes as mitigation.

"It seems to me that practically in your answer you have admitted you have obstructed the water commissioner in enforcing the decrees of the court. Your answer admits almost everything, except to say that you deny the allegation of the affidavit, and then turn around and admit that he did do the things which the water commissioner complained of. Hence your admissions must go against your denials. I am letting you go ahead and purge yourself of contempt."

From the foregoing, it appears that plaintiff in error was being proceeded against for contempt of court in disobedience of the decrees of court.

The decrees relied upon and referred to by the court are not in the record. We are therefore unadvised as to what they contained.

The affidavit of the water commissioner specifically refers to one decree. That is the decree: "In the matter of the adjudication of the priority of rights to the use of water for irrigation in water district No. 45." The presumption is, that that decree conformed to the requirements of §§ 2403 and 2408, Mills' Ann. Stats., which designate the matters to be set forth in decrees adjudicating the priority of water rights.

An examination of those sections of the statute fails to disclose that any order or orders to any one, to do or refrain from doing any act or acts, is made a part of the decree.

Such decrees are *in rem* rather than *in personam*.

Chapter 30, Civil Code (Mills' Ann. Code), defines contempt. Section 321 provides, *inter alia:*

"The following acts or omissions shall be deemed contempt: * * * Third — Disobedience to any lawful writ, order, rule or process issued by the court, or judge at chambers."

This is the only provision of the code, under the evidence as disclosed by this record, upon which the court would have jurisdiction to proceed as for a contempt.

The learned trial judge was in error in holding, that the water commissioner was an officer of the court; he is appointed by the governor, and, to a certain extent, is under the control and direction of the irrigation division engineer and the state engineer; but there is no law which makes him an officer of court. True it is, that he is charged as a part of his official duties with distribution of water for irrigation purposes as the same may be decreed by the court, but we do not believe that interference with him in the discharge of such official duties will make the party interfering liable as for contempt of court under the above-quoted provision of the code.

This view is strengthened by the fact that the legislature has declared that any person who shall willfully interfere with any headgate or water box shall be guilty of a misdemeanor, and on conviction thereof shall be fined and imprisoned; and that water commissioners shall, in the discharge of their duties, be invested with the powers of constables, and may arrest any person violating their orders relating to the opening or shutting down of headgates, or using of water for irrigation purposes, and take such offenders before the nearest justice of the peace, who may, upon conviction of the offender, impose a fine, and imprisonment in default of payment thereof.—Mills' Ann. Stats., §§ 2385, 2386.

This court has repeatedly upheld the irrigation

law of this state as being an exercise of the police powers of the state.—*Farmers, etc., Co. v. Southworth,* 13 Colo. 111; *White v. Farmers, etc., Co.,* 22 Colo. 191; *Lambson v. Vailles,* 27 Colo. 201; *Fort Lyon Canal Co. v. Chew,* 33 Colo. 392.

Under the above statute, and the decisions of this court, it may be well said, that the water commissioner is a police officer of the state in the discharge of his official duties, invested with the powers of a constable, with authority to arrest persons interfering with him in the discharge of his official duties, which would seem to provide an ample remedy and adequate punishment for those guilty of such interference, without resorting to proceedings as for a contempt of court.

Under the facts disclosed by this record we believe that the court was without jurisdiction, and that the facts stated in the affidavit were insufficient to constitute contempt of court under the code provision above quoted.

The court should have granted the motion of plaintiff in error for a discharge, interposed at the close of the testimony for the people.

The judgment will be reversed, and the cause remanded with directions to the court below to dismiss the proceedings.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.