## No. 9607.

### PEOPLE EX REL. *v.* HIGGINS.

1. STATE OFFICER—*Who Is—Water* ᐧ *Commissioner*. The question examined in the light of authority. Many decisions from other jurisdictions cited.

Considering that the water commissioner is a peace officer, authorized by statute to arrest and take before the magistrate, anyone interfering with him in his duties, or disobeying his orders; that his duties concern the whole state; that he is part of the system prescribed by the statute for the distribution of water for irrigation,—one principal purpose of which is the preservation of the public peace,—and is controlled only by state authority, *held* that he is an officer of the state.

That the activities of the officer are confined to a small part of the state, and to a single matter, is not important.

2. CASES OVERRULED, *Criticised or Commented Upon.* Roberson v. The People, 40 Colo. 124, 90 Pacific 79, does not hold that a water commissioner is an officer of the state. The opinion explained.

The *dictum* of Elliot, J., In re Speakership, 15 Colo. 520, that the clerk of a court of record is not a state officer is inconsistent with the former opinion in People v. Curley, 5 Colo. 412; but cannot be held to overrule the doctrine of that case.

3. STATUTES—*Executive Construction,* is always entitled to great weight yet it has never unless in the most extreme case, been allowed controlling force.

4. CIVIL SERVICE—*What Offices Included Therein,* only officers and employes of the state.

*En banc.*

### Original Proceeding in Quo Warranto.

Hon. VICTOR KEYES, attorney general; Mr. GEORGE A. CARLSON, Mr. W. O. PETERSON and Mr. NORTON MONTGOMERY, for petitioner.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON and MR. FLOYD F. WALPOLE for respondent.

Denison, J.:

This is an original proceeding in the nature of quo warranto. The respondent is the incumbent of the office of water commissioner of water district No. 2. His term of office expired May 6, 1919. The relator has been appointed by his excellency, the present Governor, to the same position. The respondent refuses to surrender the office, and claims that under section 13 of article 12 of the Constitution of Colorado, adopted at the November election, 1918 (see Laws 1919, p. 341), he is entitled to retain it.

The relator demurs to the respondent's answer, which sets up this claim, and the question is whether the claim is valid. So much of said section as is necessary to consider is as follows:

"The classified civil service of the state shall comprise all appointive public officers and employes and the places which they hold, except the following: Judges of courts of record and one stenographer of each judge, one clerk for each court of record, persons appointed to perform judicial functions, receivers, jurors, members of boards or commissions appointed by the Governor and serving without pay, members of the State Industrial Commission, of the Public Utilities Commission, and of the State Civil Service Commission, the Governor's private secretary and three confidential employes of his office, appointees to fill vacancies in elective offices, one deputy of each elective officer, the position involving the duties incident at present to the position of that deputy of the secretary of state known as deputy commissioner of labor and the incumbent thereof, officers and teachers in educational institutions not reformatory or charitable in character, all attorneys at law serving as such, and the officers and employes of the General Assembly."

And the following:

"All persons holding positions in the classified service as herein defined when this section takes effect shall retain their positions until removed under the provisions of the laws enacted in pursuance hereof."

It is argued for respondent—

(1) That the literal terms of the section include the water commissioner, because he is an "appointive public officer"; and that is true, but we believe that the words "civil service of the state" would ordinarily be understood to include only officers of the state, and we must give them that meaning.

(2) That the exceptions indicate that other officers than state officers are included, but these exceptions can be explained by the supposition that the attempt was made to make it clear that deputy clerks of courts of record and instructors in reformatory and charitable institutions, etc., were included. We must conclude, therefore, that the civil service of the state embraces officers and employes of the state only

Is a water commissioner an officer of the state? The statute provides that the water commissioner shall be appointed by the Governor from names recommended by the county commissioners of the county or counties which comprise the territory of the district. The office is therefore an appointive office. It is not within any of the exceptions. The question then is: Is the office of water commissioner within the "civil service of the state"?

The arguments in favor are as follows: (1) That he is appointed by the Governor. (2) That he is appointed directly by authority of the laws of the state. (3) That he is controlled entirely by state officials, his superiors. (4) That the office is a part of the system of the state for executing the irrigation laws of the state. (5) That his duty is to execute the state laws, including laws for the preservation of the peace.

On the other hand, it is claimed that the office is not a state office because: (1) The water commissioner is really appointed by the county commissioners. (2) That his jurisdiction is not co-extensive with the state. (3) His duties are purely local and of local concern. (4) He is paid by the locality, not by the state. (5) Under all former civil service laws he has been appointed by the Governor, without regard to those laws.

Nearly every one of the points made by either side has been held or stated to be of weight, and some of controlling force, in determining whether an office was a state office; but the authorities are in hopeless confusion upon the definition of a state office. The decision is made to depend now on one point and now on another, and the results are various and inconsistent. For example, the Missouri Supreme Court holds that a constable is a state officer. *State v. McKee*, 69 Mo. 508. And this case said that a sheriff and clerk of court of record are also state officers, because the law which created the office is of state extent; that the deputy sheriff of the city and county of St. Louis is not a state officer (*State v. Bus*, 135 Mo. 325, 36 S. W. 636, 33 L. R. A. 616), within the meaning of the section of their con-

stitution which prohibits a representative to the legislature from taking office, because that section clearly classifies the offices "by territory and jurisdiction." The state officers are those whose jurisdiction extends throughout the state. *State v. Spencer*, 91 Mo. 206, 3 S. W. 410; *State v. Dillon*, 90 Mo. 229, 2 S. W. 417. Yet in *State v. Mason*, 153 Mo. 43, 54 S. W. 524, it was held that police commissioners of St. Louis were state officers, and it was said that policemen were also.

In Michigan it is held that the mayor of Detroit, who is made a conservator of the peace, holds office "under the state," and it is there made to appear that, if he is appointed directly by state authority, that has some weight in determining whether he is such. *Attorney General v. Detroit*, 112 Mich. 145, 70 N. W. 450, 37 L. R. A. 211. Yet it is held that a state treasurer is not an officer "in this state." *State v. Wilmington*, 3 Har. (Del.) 312.

In New York the assessor and tax collector of the town are not municipal officers or agents of the town in the conduct of their offices, because for such purpose the town is not a corporation, but a "political division, organized for the convenient exercise of portions of the political power of the state. * * * The functions * * * of the * * * officers" in these respects are "administrative, and not in any sense corporate functions or duties." *Lorillard v. Monroe*, 11 N. Y. 394, 62 Am. Dec. 120.

Their duties in no respect concern the strictly corporate interests of the town.

In New Hampshire it is held that a representative in the Legislature is a state officer. *Morril v. Haines*, 2 N. H. 246, 249; *Ricker's Petition,* 66 N. H. 207, 29 Atl. 559, 24 L. R. A. 740. But in Colorado it is said that he is not. In re *Speakership*, 15 Colo. 520, 25 Pac. 707, 11 L. R. A. 241.

The confusion of these authorities might be demonstrated further, but it would be useless. It is enough to say that, while they are doubtless right under the laws of their respective states, as authorities they do not aid us, nor do they give us much aid by their reasoning, for there is

hardly one point upon which any case is based that in some other case is not said to be either immaterial or insufficient. It is our duty, however, to give respectful and careful attention to the Colorado cases.

In the case of People v. Curley, 5 Colo. 412, the question was whether the respondent lawfully held the office of police judge of Leadville. The charter of Leadville provided for a police judge, but the Legislature had made so attempt to fix his power. The city had passed an ordinance giving him the powers of a justice of the peace. It was held that this could not be done, and he was ousted; and this was done upon the theory and for the reason that "the administration of justice, the preservation of the public peace, and the protection of the rights of the citizen, although confided to local agencies, are essentially matters of public concern," and the court quotes with approval from *People v. Hurlburt*, 24 Mich. 44, 9 Am. Rep. 103, and from Burch v. Hardwicke, 30 Grat. (Va.) 24, 32 Am. Rep. 640, and from Dillon on Munic. Corp, §§ 33, 34, and 773, to the effect that the conservation of the peace is a state function and a matter of state concern.

By the statute creating the office of water commissioner that officer is given power to arrest and take before a magistrate any one interfering with him in his duties or disobeying his orders. This is essentially a police power for the preservation of the peace. The main purpose of our statutes concerning the distribution of water is the preservation of the peace. *White v. Highline Canal Co.*, 22 Colo. 191, 197, 43 Pac. 1028, 31 L. R. A. 828; *Lamson v. Vailes*, 27 Colo. 201, 204, 61 Pac. 231. *Roberson v. People*, 40 Colo. 124, 90 Pac. 79, is cited by respondent as holding that a water commissioner is "a police officer of the state." The writer does not think the case so holds. The question before the court was whether one interfering with a water commissioner who was attempting to enforce the water decree was guilty of contempt of court, and the statement referred to was made in the attempt of the judge who wrote the opinion to show that the water commissioner was not

an officer of the court interference with whom would constitute contempt.    And that is· all that is meant by what he said.    Nevertheless, if the water commissioner is a peace officer, as that opinion says he is and as the statute unquestionably makes him, then under the case of *People v. Curley,* 5 Colo. 412, *People v. Hurlburt,* 24 Mich. 44, *Attorney General v. Detroit,* 112 Mich. 145, 70 N. W. 450, 37 L. R. A. 211, *Burch v. Hardwicke,* 30 Grat. (Va.) 24, 32 Am. Rep. 640, and many other cases, his duties and functions concern the whole state, as is said in the last-cited case; and if his duties and functions concern the whole state, he is a state officer within the civil service of the state.

In such case it does not matter that his activities are confined to a small part of the state.    That was true of the police judge of Leadville, and in a less degree is true of an irrigation division engineer, an office which we have recently held to be within the terms of this section of the Constitution.    *People v. Chew,* 179 Pac. 812.    Nor does it matter that his peace powers are confined to matters relating to the distribution of water; he is a peace officer nevertheless.    It is true that in Re *Speakership,* 15 Colo. 520, 25 Pac. 707, 11 L. R. A. 241, Elliott, J., said that a clerk of a court of record was not a state officer, but he made no reference to *People v. Curley,* and although the clerk of a district court is an officer engaged "in the administration of justice" under the laws of the state, as stated in *People v. Curley,* and therefore Judge Elliott's dictum is inconsistent with *People v. Curley,* yet it cannot be regarded as overruling the principles there stated.

Since, therefore, he is a peace officer of the state, with duties concerning the whole state, he is under *People v. Curley,* a state officer.    Then, too, the point is a very strong one that the water commissioner is a part of the irrigation system of the state, part of the system provided by the state for the distribution of water, and his duties are in the administration of that system, which is not created or controlled by any municipality or quasi municipality, but

wholly by the state. These three points—that he is a peace officer whose duties concern the whole state, that he is a part of the state system for distribution of water, and that he is controlled only by state authority—in reason and force seem to us to outweigh all other points either for or against the proposition that he is a state officer.

An additional reason why the water commissioner must be called a state officer is that he cannot be called either a county officer or a municipal officer. The water district is not a corporate entity nor a quasi corporation. It has no powers whatever. It is not a person and cannot act as such. In this respect it is like a town in New York, within which certain officers are charged with the exercise of portions of the political power of the state. It is a mere geographical division within which the commissioner is given certain powers by the state. *Lorillard v. Monroe,* 11 N. Y. 394, 62 Am. Dec. 120.

What has been said disposes of the points in favor of the relator. The source of the appointment does not control, but if it did the appointment is by the state executive. The state had nothing to do with the appointment of the police judge of Leadville in *People v. Curley,* 5 Colo. 413. The co-extent of jurisdiction with the state does not control. *Id.*

The commissioner's duties are not purely local, or of local concern, because he is a peace officer. *People v. Curley, supra; Roberson v. People,* 40 Colo. 119, 90 Pac. 79. Moreover his duties greatly concern all the water users within his water division, and for this reason water divisions and division engineers were created. *Comstock v. Ft. Morgan Co.,* 60 Colo. 101, 109-112, 151 Pac. 929. The source of payment does not control. The police judge was not paid by the state. *People v. Curley, supra.*

This leaves the only point in relator's favor the executive construction of previous statutes. While this is always entitled to great weight, yet it has never, unless in the most extreme case, where vested rights would be destroyed, been of controlling force. There is no such situation here.

The demurrer should be overruled.

Burke, J. (dissenting).    I dissent from the conclusion that the office of water commissioner is a state office. I join in the holding that the civil service of the state embraces offices and employes of the state only.

I am authorized to say that Chief Justice Garrigues and Mr. Justice Allen concur in these views.