Mr. Jay E. Reasoner Principal State Auditor Room 601 1200 Lincoln Street Denver, Colorado 80203
Dear Mr. Reasoner:
You have requested an opinion as to whether the state auditor may directly conduct audits of district attorneys' offices.
QUESTION PRESENTED AND CONCLUSION
May the state auditor directly conduct audits of district attorneys' offices?
 District attorneys are state officers, and their offices are offices of state government under Article V, section 49(2) of the Colorado Constitution. The state auditor therefore has the duty to audit such offices.
ANALYSIS
Article V, section 49(2) of the Colorado Constitution states:
 It shall be the duty of the state auditor to conduct post audits of all financial transactions and accounts kept by or for all departments, offices, agencies, and institutions of the state government, including educational institutions notwithstanding the provisions of section 14 of article IX of this constitution, and to perform similar or related duties with respect to such political subdivisions of the state as shall from time to time be required of him by law.[1]
It is my opinion that district attorneys are "state officers," and their offices are "offices of the state government" for purposes of article V, section 49(2), Colo. Const. It is therefore not necessary to determine whether a district attorney's office is a department, agency or institution.
The office of district attorney is created by article VI, section13, Colo. Const. Article VI, section 22, Colo. Const. provides "all prosecutions shall be conducted in the name and by the authority of `The People of the State of Colorado'. . . ." The duties of a district attorney, as provided in C.R.S. 1973,20-1-102(1), include appearing in behalf of the State and the several counties of his district in all indictments, actions and proceedings in the District Court in any county within his district in which the state, the people thereof, or any county in the district is a party. And C.R.S. 1973, 20-1-103 directs the district attorney to collect forfeited bail bonds, which are ultimately remitted to the State Treasurer.
The principle that an officer in a limited geographical jurisdiction involved in the administration of justice and preservation of the peace is a state officer was established inPeople v. Curley, 5 Colo. 412 (1880).
The People v. Curley rule was followed in Peoplev. Higgins, 67 Colo. 441, 447-48, 184 P. 365 (1919), wherein the issue was whether a water commissioner, operating within a limited geographical jurisdiction, was a state officer. The court, in finding that he was a state officer, emphasized that the water commissioner's duties involved the administration of part of the state's irrigation system. The Higgins
court stated its reasoning as follows:
 (I)f his duties and functions concern the whole state, he is a state officer within the civil service of the state. In such case it does not matter that his activities are confined to a small part of the state . . . .
 Since, therefore, he is a peace officer of the state, with duties concerning the whole state, he is under People v. Curley, a state officer. Then, too, the point is a very strong one that the water commissioner is a part of the irrigation system of the state, part of the system provided by the state for the distribution of water, and his duties are in the administration of that system, which is not created or controlled by any municipality or quasi municipality, but wholly by the state. Those three points — that he is a peace officer whose duties concern the whole state, that he is a part of the state system for distribution of water, and that he is controlled only by state authority — in reason and force seem to us to outweigh all other points either for or against the proposition that he is a state officer.
 An additional reason why the water commissioner must be called a state officer is that he cannot be called either a county officer or a municipal officer. The water district is not a corporate entity nor a quasi corporation. It has no powers whatever . . . . It is a mere geographical division within which the commissioner is given certain powers by the state.
The opinion in the Higgins case is quoted at length because the reasoning therein is directly applicable to district attorneys. A district attorney performs his duties primarily for the State or the people of the state, even though his jurisdiction is limited to a small part of the state. The operation of a district attorney's office is clearly a state function in the context of the state's judicial system. He is a part of the system provided by the state for the distribution of justice, and he is not controlled by any unit of local government. Although a part of his salary and all of his staff's is paid for by the various counties in his district, "the source of payment does not control." People v. Higgins,supra, People v. Curley,supra. The primary duties and functions of a district attorney's office indicate that such an office is a state office.(See e.g. Shumate v. Board of County Commissionersof Pitkin County, 1 Colo. N.P. Decisions 54 (1900);Strainer v. San Luis Valley Land and Mining Co.,166 F. 220 (8th Cir. 1908); People v. Gibson, 53 Colo. 231,125 P. 531 (1912)).
As the above excerpt from the Higgins case indicates, that court also relied on the fact that a water commissioner had to be called a state officer because he could not be called a county or municipal officer. Applying this analysis to district attorneys, the conclusion is the same — they are state officers because they are not county or municipal officers.
The conclusion that a district attorney is a state officer is also inescapable in light of the more recent Colorado Supreme Court opinion in People v. District Court in and for theCounty of Larimer, 186 Colo. 335, 527 P.2d 50 (1974), wherein the nature of the office of district attorney was at issue.
In that case, the district attorney had objected to the granting of a deferred prosecution. (Deferred prosecutions cannot be granted without the district attorney's approval.) The judge of the district court asked the district attorney to specifically state his reasons for opposing the deferred prosecution. The district attorney sought and obtained a writ of prohibition from the Colorado Supreme Court, which decided that to require such a filing would violate the doctrine of separation of powers. The supreme court wrote as follows:
 While he is an officer of the court as any other attorney, a district attorney is not a judicial officer nor a part of the judicial branch of the government. A district attorney belongs to the executive branch. State v. Andrews, 282 Minn. 386, 165 N.W.2d 528
(1969); ABA Standards Relating to the Prosecution Function and the Defense Function, section 1.1(a) at 43. cf. Newman v. United States, 127 U.S. App. D.C. 263, 382 F.2d 479 (1967).
 . . . The discretionary power exercised by the prosecuting attorney in initiation, accusation, and the discontinuance of prosecution give him more control of an individual's liberty and reputation than any other public official. Note, Prosecutor's Discretion, 103 Pa. L. Rev. 1057 (1955).
 . . . Because of the doctrine of separation of powers and because the district attorney is a part of the executive branch, the respondent court can no more require the district attorney to give his reasons here than a court can require a Colorado governor to give his reasons for failing to grant a pardon.
186 Colo. at 338-339.
There are several interesting points about this decision that are directly applicable to the question of whether a district attorney is a state officer. First, the Colorado Supreme Court stated that the district attorney belongs to the executive branch. This necessarily means the executive branch of some government. A district attorney is elected by judicial district, many of which include more than one county. A judicial district is not a political entity which could independently fund the district attorney's office, or for example, provide for the recall of its officers. Rather a judicial district is an instrumentality of the state, an administrative entity utilized for convenience in dividing up the judicial work of the state (See Higgins, supra). Second, the Colorado Supreme Court cited with approval a Minnesota Supreme Court decision, State v. Andrews, 282 Minn. 386,165 N.W.2d 528, 533 (1969), that explicitly identified a district attorney as a state official. Third, the Colorado Supreme Court in deciding the issue on the basis of separation of powers compared the district attorney to the Governor of the State of Colorado, i.e., a member of the executive branch of state government.
Four very recent district court rulings attached hereto clearly state that a district attorney is a state officer, and that the district attorney's office is a state office.
1. Losavio v. Buchanan, Civil Action No. C-78046 (Denver District Court), Judge Joseph R. Quinn, Ruling on Secretary of State's Finding of Sufficiency of Recall Petition, and Order of Judgment (April 6, 1978):
 Both the Colorado Constitution and statutes enacted thereunder recognize the district attorney as a state officer . . . .
 The Colorado Supreme Court has confirmed the district attorney as a state office.
2. Harmsen v. Board of County Commissioners of MontroseCounty, C-13649 (7th Judicial District), Judge Charles A. Buss, Reporters' Partial Transcript of Court's Findings (March 21, 1978), p. 2:
 It is the finding of the Court that the District Attorney's office is . . . an office of the Executive Branch. . . . It is a state office . . . .
3. Losavio v. Buchanan, Civil Action No. C-76081, (Denver District Court), Judge Edward Byrne, Order and Judgment (January 30, 1978), p. 4:
The District Attorney is a state officer . . . .
4. Johns v. Miller, #3232 (13th Judicial District), Judge Waino Johnson, Judgment and Decree (May 16, 1977), p. 3:
 The Plaintiff District Attorney is a state public officer.
Further authority for the proposition that the district attorney is an officer of the state is found in constitutional and statutory provisions. The governor is empowered to fill a vacancy in the office of district attorney, Colorado Constitution article VI, section 20. If the governor requests, the attorney general takes the place of the district attorney in the prosecution of cases, People ex rel. Witcher v. District Court,190 Colo. 483, 549 P.2d 778 (1976); Tooley v. DistrictCourt, 190 Colo. 486, 549 P.2d 774 (1976). C.R.S. 1973,20-1-101(1) requires a district attorney to execute a surety bond "to the people of the State of Colorado," to be approved by the Secretary of State. The candidates for district attorney file nominating petitions, and certificates of designation with the Secretary of State, C.R.S. 1973, 1-14-201. Statements required by the Campaign Reform Act are also filed by the district attorney with the Secretary of State, C.R.S. 1973, 1-45-104.
SUMMARY
The Colorado Constitution and our statutes clearly reflect that a district attorney's office is an office of state government. Therefore, pursuant to article V, section 49(2), Colo. Const., the state auditor has the duty to conduct post audits of all financial transactions and accounts kept by and for each district attorney's office.
Very truly yours,
 J.D. MacFARLANE Attorney General
AUDIT PROSECUTORS PUBLIC OFFICERS
C.R.S. 1973, 1-14-201 C.R.S. 1973, 1-45-104
C.R.S. 1973, 2-3-103
C.R.S. 1973, 20-1-101
C.R.S. 1973, 20-1-102
C.R.S. 1973, 20-1-103
Colo. Const. art. V, § 49(2) Colo. Const. art. VI, 13 and 22
LEGISLATIVE BRANCH Auditor, Office of State
Constitutional requirement that auditor audit "state offices" applies to district attorneys' offices. A district attorney is a state officer.
[1] It should be noted that Article V, section 49(2) is self-executing, and does not require statutory implementation. C.R.S. 1973, 2-3-103 defines the duties of the state auditor to include post audits of all department, agencies and institutions of the state government. Post audits of "offices" of state government are omitted from the statute. However, because auditing of "offices" is included in the constitutional language, the statute cannot exclude or narrow such duties.