## The case of KNOWLES & al.

In issuing a warrant under *Stat.* 1821, *ch.* 122, *sec.* 18, for the removal of a pauper out of the State, who has no settlement therein, the magistrate performs only a ministerial act, no adjudication upon the question of settlement being required. Therefore such warrant may lawfully be issued by a magistrate who is an inhabitant of the town in which the pauper resides, and which is to be thereby discharged from the expense of relieving him.

THIS was an indictment against *Thomas Brown*, Esq. *John Knowles* and others, for an assault and battery upon one *Leighton*. The defendants justified under a warrant issued by *Brown*, as a magistrate, and executed by the other defendants as the constable and aids, for the removal of *Leighton* as a pauper, to the place of his settlement. It appeared that all the parties were inhabitants of *Corinna;* that the pauper, who was at the house of his father in *Corinna*, had his settlement in *Tuftonborough*, in the State of *New Hampshire;* that the overseers of *Corinna* made a complaint, but not under oath, to the defendant *Brown*, setting forth the fact of the pauper's having been relieved, and being still in need of further aid, and of his settlement in *Tuftonborough*, and praying for a warrant for his removal, under the eighteenth section of the act for the settlement and support of the poor; and that the magistrate thereupon, without notice to the pauper, adjudged his settlement to be as alleged in the complaint, and issued the warrant prayed for, which was executed by the other defendants. And it appeared that the pauper had in fact been chargeable to *Corinna*, as the overseers alleged; and that his father still claimed to be paid for his support, when the warrant was issued.

At the trial before *Weston J.* the Attorney General moved the court to instruct the jury that the magistrate, being a citizen of the town of *Corinna*, and therefore interested, had no jurisdiction of the subject matter of the complaint; and that this fact being known to the other defendants, the warrant afforded them no justification. And for the purpose of bringing this question before the court, the Judge did so instruct them. The jury acquitted the magistrate, and

found the others guilty ; and being interrogated by the Judge, they said that they were satisfied that the pauper could be conveniently removed ; and that no unnecessary force was used in attempting to execute the warrant. The verdict was taken subject to the opinion of the court upon the question whether the jury were properly instructed.

*H. Warren*, for the defendants, argued that the interest of the magistrate was too minute to affect his jurisdiction ; *Commonwealth v. Ryan*, 5 *Mass.* 90 ; and if not, yet by the language of *stat.* 1821, *ch.* 122, *sec.* 18, on which the process was founded, he was fully authorised to issue it. But if the magistrate was liable, yet the warrant was a sufficient justification to the officer and his aids. 1 *Chitty's Crim. law* 69, 70 ; *Sanford v. Nichols*, 13 *Mass.* 288 ; *Pierce v. Harwood, ib.* 342. The magistrate, however, was not indictable unless he acted corruptly ; his act was purely ministerial ; and if he is excusable, so are the others. 1 *Bl. Comm.* 354 ; 1 *D. & E.* 653 ; *Rex v. Fielding*, 2 *Burr*, 719 ; 3 *Burr*, 1318, 1716 ; 1 *Chitty's Crim. law*, 877 ; *Haskell v. Haven*, 3 *Pick.* 404.

The *Attorney General, e contra*, contended that the proceedings were wholly void, affording neither justification nor excuse to the parties ; because, 1st, the complaint, was not under oath, which was essential in every case affecting, as this did, the right of suffrage and the personal liberty of the citizen. *Const. Maine, Art.* 1, *sec.* 5 ; *East's P. C.* 310, 325 ; *Foster's Crown law*, 312 ; 1 *Chitty's Cr. law*, 360 ; *Beaufort v. Beaufort*, 3 *Cranch*, 448.—— 2dly, The magistrate was an inhabitant of the same town, and directly interested to grant the warrant prayed for. 3dly. The pauper was not cited before the magistrate, to be heard upon the question of his settlement, and need of support. He was disfranchised and transported out of the State, without an opportunity to be heard ; in violation of the first principles of natural justice. The statute, in the fifteenth section, requires that he should be so summoned and heard, before he is removed to another town within the State ; and *a fortiori* he ought to be, before he is carried out of it. *Shirley v. Lunenburg.* 11 *Mass.* 379. Any other construction would render the eighteenth section unconstitutional.

MELLEN C. J. delivered the opinion of the Court.

By the report it appears that the pauper was in such a situation as to be conveniently removed, at the time of the issuing of the warrant by *Brown*, one of the defendants, who was acquitted on trial, and under whom the other defendants have justified ; and that in attempting the execution of the warrant no unnecessary force was employed. The question, therefore, and the only one reserved, is, whether *Brown*, being an inhabitant of the town of *Corinna*, had a legal authority, as a justice of the peace for the county of *Somerset*, to issue the warrant for the purposes mentioned in the complaint of the overseers of the poor of that town ; the pauper having become chargeable therein. The justice was requested to grant a warrant for the removal of the pauper to *Tuftonborough*, in New Hampshire, the place of his alleged settlement. It may be useful to examine some of the provisions in the fifteenth, sixteenth, seventeenth and eighteenth sections of the act of March 21, 1821, *ch.* 122, in relation to the support or removal of paupers or persons standing in need of relief, or the mode of settling questions of habitancy. In the order of proceeding the 17th section comes first. This provides that overseers, before instituting any kind of process, may notify the overseers of the town where the person actually chargeable is supposed to belong, requesting his removal, &c.

The fifteenth section provides for cases where the person chargable has a settlement in this State, and declares that in order to effect the removal of such person and recover the expense incurred for his relief, the overseers of the town seeking relief may apply by complaint to any justice of the peace in their county, not an inhabitant of their town, for the purposes abovementioned. The section authorises the justice, after notice and a due course of proceedings had, to decide the question of settlement and amount of damages, and cause the removal of the person chargeable by his warrant, which may be served by any constable of the town, subject to the right of appeal to the Court of Common Pleas. Under this section the justice acts judicially.

The sixteenth section authorises the overseers to make the application for the above purposes originally to the Court of Common

Pleas, who have power to decide thereon, whose doings may in certain cases, be revised by this court.

The eighteenth section is the one under which *Brown* acted, and the defendants justify their proceedings; and it has reference to poor persons having no lawful settlement within this State. It requires the overseers to relieve and support all poor persons residing in their towns; and upon complaint of such overseers any justice of the peace in his county, may by warrant directed to, and which may be executed by, any constable of their town, or any particular person by name, cause such pauper to be conveyed to any other State, or any place beyond sea, where he belongs, if the justice thinks proper. This provision does not contemplate any hearing or adjudication by the justice, but merely authorises him to perform a ministerial act, similar to that of issuing an execution. As the town supposed to be the place of the pauper's *settlement is* not within the State, it cannot be made amenable to the process of any court or magistrate within its limits; of course an adjudication by the justice must have been deemed a useless and unavailing form. In the case before us, the justice was requested merely to issue his warrant for, and cause the removal of the pauper to the town of *Tuftonborough*. The words in this section are, "any justice of the peace in his county." In the fifteenth section there are added these words of limitation, "not an inhabitant of their town." There is reason for the limitation in the latter case as the justice acts judicially; and, if an inhabitant, would have a direct, pecuniary interest. In the former case, he does not act judicially, and the provision has no relation to pecuniary interest or any question of damages. For these reasons we are of opinion that the justice who issued the warrant in the present case, was not disqualified so to do, by reason of his being an inhabitant of *Corinna*; and his justification being thus established, the other defendants were justified in acting as they did under his directions and authority. It has been urged that the authority given by the eighteenth section cannot be sanctioned as constitutional; that it professes to authorise a course of proceedings on the part of a magistrate totally incompatable with all correct ideas as to civil liberty and person-

al security; but as this question is not presented by the report, we forbear the discussion of it, or the reasons on which the legislature probably proceeded in the enactment of the law; or how far policy and humanity might require the exercise of the powers complained of, as necessary to effect the commendable objects in view.

*Verdict set aside.*