In the Matter of GRAHAM McADAM, etc.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Constitutional law.  Witnesses.*—Sections 856,  857 of the Code of Civil Procedure do not deprive the witness of liberty " without due process of law," and are constitutional.
2. *Same.*—The title to chap. 516  of 1884 is sufficiently definite to render the act constitutional.
3. *Contempt.  Witness.*—The commitment, under sections 856 and 857 of the Code, is issued *ex parte* and without notice of application to the witness. The court may disregard an order to show cause, if granted, and need not, on the return, enter an order to evidence its decision.
4. *Same.  Appeal.*—The appellate court cannot determine the relevancy of the question, for refusal to answer which the commitment was issued, unless the papers, evidence and proceedings are brought before it.

Appeal from order denying motion to vacate commitment for contempt.

*Peter Mitchell*, for appellant.

*J. J. McKelvey*, for respondent.

VAN BRUNT, P. J.—In March, 1889, a commitment was is-sued by Justice INGRAHAM committing Mr. Graham McAdam to jail, there to remain until he should answer a question named in said commitment which had been propounded to him by the commissioners of accounts of the city of New York, or be discharged according to law.   The grounds upon which the motion was made were that the proceedings to commit McAdam for contempt were initiated by an order to show cause, and, therefore, a decision evidenced by an order in writing was necessary.   Upon the face of the commitment no such fact appears, and although upon the papers submitted

it would seem that an order to show cause had been issued, yet there being no authority in law for any such proceeding, all that went before the signing of the commitment was a nullity. The commitment is issued apparently *ex parte*, under §§ 856, 857 of the Code. No notice whatever was required, and the mere fact that notice of the application was given, or an order to show cause granted, in no way impaired the right of the court to issue the commitment as though no such notice had been given. Therefore, the court was entirely right in refusing to enter any order upon the return of the order to show cause, and such refusal in no way invalidated the commitment, because, as already said, the commitment appears to have been issued not by virtue of any order to show cause, but simply *ex parte*, as provided and authorized by the Code.

It is to be seen that the commitment is to be issued by a judge of the court and not by the court, and therefore the entry of an order would simply amount to the justice directing himself to issue a warrant. It is correctly claimed by the respondent that the application is entirely *ex parte*, and does not require any notice whatever of the application to be given to the witness, and that the application must be made, not to the court, but to a judge who alone has power to commit the offender. Therefore, under §§ 856, 857, the correct practice was pursued, no notice was necessary and no order could be entered, and the commitment was issued in pursuance of these provisions of the Code. The claim that chap. 516 of the Laws of 1884 is unconstitutional cannot be sustained. Chap. 410 of the Laws of 1882 was virtually a charter of the city of New York. It was an act passed to consolidate into one act all the special and local acts by which the government of the city of New York was carried on and from which its various departments derived their powers and by which their rights were conferred.

Chap. 516 of the Laws of 1884 was simply an amendment of this charter, and its title was certainly more explicit than

that of chap. 410 of the Laws of 1882. The title fairly represents the subject matter of the legislation contained in the chapter, and unless the legislation itself is to be set out in the title it was sufficiently definite to answer all the requirements of the constitution.

It is further urged that the sections of the Code under which the warrant was issued are unconstitutional, because in violation of that part of the constitution of the United States which provides that " no person shall be deprived of life, liberty or property without due process of law."

Why reference should be made to the constitution of the United States it is difficult to imagine, when the same provision is found in the constitution of our own state, which would be much more applicable if any violation of its terms has occurred. It is claimed that because these sections do not require notice of the application, that therefore, the offender is deprived of his liberty without due process of law. What is " due process of law " has not been clearly defined, but as the practice of summary commitments has prevailed ever since the Revised Statutes were adopted, and long before the adoption of the constitution to which reference has been made, such a procedure in the case of a witness has been recognized for a sufficient length of time to bring it within the category " due process of law." By the Revised Statutes, vol. 2, pt. 3, chap. 8, title 13, § 3, in cases of proceedings to punish disobedience to any rule or order requiring the payment of money, or of disobedience to any subpœna, it is expressly provided that no notice is necessary, and the warrant to commit may issue in the first instance. This has been the practice since then, and the provisions of the Code in question are in entire harmony with the previous legislation upon the same subject.

As to the relevancy of the question asked we are unable to say that it was not relevant. The party moving to set aside the commitment has not shown its irrelevancy by bringing before the court the papers upon which the commitment

was granted, or the other evidence which was taken in the proceeding.

Upon the papers before him the justice issuing the warrant has found the question to be relevant, and without those papers it is impossible for us to say that his conclusion was erroneous.

We are of the opinion, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements.

DANIELS and BRADY, JJ., concur.

NOTE ON " CONSTITUTIONALITY OF LOCAL ACT."

Chap. 604 of 1875 is a general and not local act. Ferguson v. Ross, 59 Hun, 207.

Chap. 706 of 1871, is unconstitutional in that the subject of the proposed legislation is not sufficiently expressed in the title. McCabe v. Kenney, 52 Hun, 514.

A general provision, inserted in an act containing local provisions, is valid, whether the subject is, or is not, expressed in the title. Ferguson v. Ross, 126 N. Y. 459; People v. McCann, 16 Id. 58; Williams v. People, 24 Id. 405. The fact that an act operates only upon a limited area or upon persons within a specified locality, and not generally throughout the state, is, in most cases, a reasonably accurate test to determine whether the act is general or local. Id. But it is not decisive in all cases. Id.

Chap. 291 of 1889, for establishing and maintaining the water department in the City of Syracuse, is well entitled. Sweet v. City of Syracuse, 128 N. Y. 680.

Whether the title of an act complies with the requirements of § 16, art. 3, of N. Y. Constitution, depends upon the peculiar provisions of the act. Van Brunt v. Town of Flatbush, 128 N. Y. 50. Every provision must be germaine to, and fairly connected with and tending to promote, the subject expressed in the title. Id. All such matters are properly incorporated. Id.

An act, which expresses in its title that it was to legalize the acts and proceedings of town officers in relation to the erection of a certain bridge, properly includes a provision authorizing and empowering the builder of such bridge to maintain an action at law against the town to recover a fair and reasonable compensation for the work and material. Wrought-Iron B. Co. v. Town of Attica, 119 N. Y. 204.

Chap. 462 of 1853, in relation to the taxation of the Troy Union R. R.

Note on " Constitutionality of Local Act."

Co. sufficiently expresses its subject in the title. People *ex rel.* Troy U. R. R. Co. *v.* Carter, 52 Hun, 458.

If a local act contains a subject which is properly expressed in the title, it is valid as to that subject, though invalid as to a subject not expressed. People *ex rel.* Troy U. R. R. Co. *v.* Carter, *ante* ; Matter of Van Antwerp, 56 N. Y. 267; People *ex rel.* City of Rochester *v.* Briggs, 50 Id. 553.

Chap. 842 of 1868 does not violate the provisions of § 16, art. 3, of the State Constitution by reason of containing a provision authorizing the formation of a manufacturing company for the purpose of constructing and using the pneumatic tubes referred to in the act. Astor *v.* Arcade R'y Co., 113 N. Y. 93. But chap. 185 of 1873, amending the act above named and others supplemental to it, is in violation of such provision as it relates to the construction of a railway, which is a subject not indicated in its title. Id.

The title of an act must be such, at least, as fairly to suggest or give a clue to the subject dealt with in the act. Astor *v.* Arcade R'y Co., *ante.* Unless it comes up to this standard, it falls below the constitutional requirements. Id.

The manifest intention of § 16, art. 3, of State Const. was to require sufficient notice of the subject of proposed legislation of a private or local character to be so expressed in the title as to put, not only interested parties, but also all persons concerned in the proposed legislation, upon their guard, and to inform all persons reading it of the general purpose and scope of the act. Johnston *v.* Spicer, 107 N. Y. 185. This is not required to be done by pursuing any particular formula or with much detail of specification, and great liberality of construction should be indulged in by the courts to uphold the constitutionality of legislation. Id. But, when the plain and obvious purposes of this constitutional provision are disregarded or evaded, the judgment of the court should give effect to its requirements. Id.

The purpose for which the title is required to express the subject of a private or local act is, not to furnish by it the details of the act, but to call attention to the matter to which it relates, for the details of which reference must be had to the provisions of the act. Wrought-Iron Bridge Co. *v.* Town of Attica, 49 Hun, 513; Brewster *v.* City of Syracuse, 19 N. Y. 116; Tifft *v.* City of Buffalo, 82 Id. 204; People *ex rel.* Rochester *v.* Briggs, 50 Id. 553; Matter of Met. Gas-Light Co., 85 Id. 526; Matter of Mayor, etc., 99 Id. 569.

See further, on this point, Matter of Knaust, 101 N. Y. 190; People *ex rel.* Lynch *v.* Duffy, 49 Hun, 276; Astor *v.* Arcade R'y Co., 48 Hun, 563; People *v.* O'Neil, 109 N. Y. 251; Prentice *v.* Weston, 47 Hun, 121; Ensign *v.* Barse, 107 N. Y. 329; People *ex rel.* Electric L. Co. *v.* Squire, Id. 593.