(65 App. Div. 126.)

PEOPLE ex rel. ARMSTRONG v. MURPHY, Police Com'r.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

CERTIORARI—REFUSAL OF THEATRICAL LICENSE.

Certiorari will not lie to review the refusal of a theatrical license by a police commissioner, his act being discretionary, and in no sense judicial.

Appeal from special term, New York county.

Application by the people, on the relation of Paul Armstrong, for a writ of certiorari against Michael C. Murphy, as police commissioner of New York City. From an order denying the writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles H. Luscomb, for appellant.
Theodore Connoly, for respondent.

O'BRIEN, J. The relator applied for a writ of certiorari to review the determination of the police commissioner in refusing to grant a theatrical license for the theater or premises known as the "Circle Theater," and from the order denying his application he has appealed to this court. The power of the commissioner of police to grant or withhold a theatrical license, under section 1473 of the charter, has been discussed in the opinion in the other case, which is herewith handed down, wherein this same relator applied for a mandamus, and what we are here asked to do is to sanction the granting of a writ of certiorari to review the action of the police commissioner and the proceedings upon which his determination was based.

We do not think that the supreme court has, under the statute, any power to review the action of the police commissioner with respect to granting or withholding a theatrical license. A full discussion of the question of when the writ of certiorari to review the action of public officers can and cannot be issued will be found in People v. Brady, 166 N. Y. 47, 59 N. E. 702, wherein after referring to the cases in which the writ can be issued, the opinion continues: "Official acts, executive, legislative, administrative, or ministerial in their nature or character, were never subject to review by certiorari. The writ could be issued only for the purpose of reviewing some judicial act." The question which we have here presented, therefore, is whether the refusal of the commissioner to grant the license is a "judicial act." Ordinarily those words include a judicial proceeding wherein an interested party is entitled to a trial or hearing, or, differently expressed, a judicial act is one involving the exercise of judicial power, by which is meant the power to hear

and determine controversies between adverse parties or questions in litigation. We do not think that the action of the commissioner, under this statute, is in any sense judicial, because there is no provision for a hearing, nor, with respect to the determination to be reached, are there questions to be litigated. It is unquestionably his duty concerning applications made for theatrical licenses to make inquiry, and, on the responsibility of his official oath, to reach a determination; but with that determination, when reached, the court has no right to interfere. In other words, the granting of licenses is referred to the judgment and discretion of the commissioner, and there is no authority in any particular instance for substituting for the conclusion which he may reach that of the court. And, even if his determination were reviewable,—to which opinion we do not assent,—as well said in People v. McCarthy, 102 N. Y. 643, 8 N. E. 90:

"A judicial review of conclusions based mainly, if not exclusively, upon the mental operations, and the individual knowledge and qualifications, of the persons composing the tribunals referred to, is obviously impracticable, if not impossible. Reasons founded upon the personal knowledge and experience of individuals, or conclusions reached by the exercise of their intellectual faculties, cannot be recorded and reproduced in such a manner as to enable an appellate tribunal intelligently and fairly to review the correctness of their judgment. Inherent and insuperable difficulties exist, in the very nature of the process by which conclusions are reached, which render any appellate jurisdiction over their determination impracticable and ineffectual."

We have not overlooked the argument presented on behalf of the relator that the duty of the commissioner to issue such licenses is imperative and mandatory, but from what has been said it will be seen that we do not regard it as sound, our conclusion being that the power vested in the police commissioner under this statute is purely discretionary, and one not reviewable by the courts.

The order accordingly should be affirmed, with $10 costs and disbursements. All concur.