(36 Misc. Rep. 89.)

PEOPLE ex rel. PARK CIRCLE AMUSEMENT CO. v. BOARD OF POLICE OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. October, 1901.)

THEATRICAL LICENSES.
    The board of police of the city of New York has power to grant or deny a theatrical license, in its discretion.

Application by the people, on the relation of the Park Circle. Amusement Company, for a writ of mandamus to the board of police of the city of New York. Writ denied.

Howe & Hummel, for relator.
Chase Mellen, for respondent.

FITZGERALD, J. Relator, a domestic corporation, asks that the peremptory writ of mandamus issue out of the court, directing the respondent to grant it a theatrical license for the premises situated at the southwest corner of Sixtieth street and Broadway. Sections 1472, 1473, and 1474 of the Greater New York charter substantially re-enact the provisions of sections 1998, 1999, and 2000 of chapter 410, Laws 1882, with the exception that the powers conferred upon the mayor by the earlier act are now vested in the police department. Section 1999 of the consolidation act was con-

strued in People ex rel. Worth v. Grant, 58 Hun, 455, 12 N. Y. Supp.
879, holding that the mayor might, in his discretion, refuse a license
to an applicant who tendered payment of the license fee. The re-
spondent herein was acting within its authority in denying relator's
application, notwithstanding the fact that it deposited the amount
of the fee with the respondent's auditor, as required by law, at the
time of making the application. By the terms of the receipt given
for the deposit it was expressly stated that "money deposited will
be returned upon application to the chief clerk if license is not grant-
ed." In People ex rel. Schwab v. Grant, 126 N. Y. 473, 27 N. E.
964, the discretion of the mayor was held not reviewable upon man-
damus. The affidavits submitted by the respondent, even if the
court had the power, refute the contention that its decision was
arbitrary or ill considered, but, on the contrary, tend to establish
the fact that it was founded upon proper investigation and con-
sideration.

Motion denied, with costs.