(54 Misc. Rep. 354)

In re HERTLE et al., Commissioners of Accounts.

(Supreme Court, Special Term, New York County. May, 1907.)

1. MUNICIPAL CORPORATIONS—COMMISSIONERS OF ACCOUNTS—POWERS.

Under Laws 1901, p. 46, c. 466, § 119, the commissioners of accounts of the city of New York have power to examine the accounts and methods of the office of the president of the borough of Manhattan, and, where the officials of such department refuse to submit to such examination, a warrant for imprisonment will be granted.

2. SAME.

Laws 1901, pp. 31, 632, c. 466, §§ 54, 1534, providing for investigations by the board of aldermen and by a justice of the Supreme Court, at the instance of citizens, into the administrative system of the municipality,

does not affect the authority of the commissioners of accounts under section 119 (page 46).

In the matter of the application of John C. Hertle and John Purroy Mitchell, commissioners of accounts of the city of New York, for a warrant for the arrest of John F. Ahearn for refusal to submit to examination. Motion granted. Order affirmed, 105 N. Y. Supp. 765.

William B. Ellison, Corp. Counsel, for petitioners.

Martin W. Littleton, for respondent.

O'GORMAN, J. This is an application for warrants for the imprisonment of the defendants for their refusal to submit to examination before the commissioners of accounts. The defendants dispute the power of the commissioners to conduct the examination which they are making in relation to the accounts and methods of the office of the president of the borough of Manhattan. This presents the sole question for determination.

The powers of the commissioners of accounts are defined in section 119 of the revised charter (Laws 1901, p. 46, c. 466), which provides as follows:

"The mayor shall appoint and remove at pleasure two persons who shall be commissioners of accounts, one of whom shall be a certified public accountant. It shall be their duty, once in three months, to make an examination of the receipts and disbursements in the office of the comptroller and chamberlain in connection with those of all the departments and officers making returns thereto, and report to the mayor a detailed and classified statement of the financial condition of the city as shown by such examinations. They shall also make such special examinations of the accounts and methods of the departments and offices of the city and of the counties of New York, Richmond, Queens and Kings as the mayor may from time to time direct, and such other examinations as the said commissioners may deem for the best interests of the city, and report to the mayor and the board of aldermen the results thereof. For the purpose of ascertaining facts in connection with these examinations they shall have full power to compel the attendance of witnesses, to administer oaths and to examine such persons as they may deem necessary. Such commissioners shall each be paid the sum of five thousand dollars a year. The board of estimate and apportionment and the board of aldermen shall annually appropriate a sum sufficient to pay the salaries of said commissioners, and in the discretion of said board and the board of aldermen a sum sufficient to enable them to employ the necessary assistance to carry out the provisions of this section."

It appears that the mayor has directed the commissioners to make the examination in question, and, in my opinion, they are not exceeding the authority conferred upon them by this statute. All borough presidents are officers of the city and subject to the supervisory control of the mayor as the executive head of the city government. By section 1544 of the revised charter they are required at intervals to make reports to the mayor of the operation and actions of their departments, and when requested they shall furnish him such information as he may demand in relation thereto. By section 115 thereof the duty is imposed upon the mayor "to keep himself informed of the doings of the several departments," and in the discharge of this duty it is proper that he should have the power to require the commissioners of accounts

to make such an examination as they are now conducting into the accounts and the business methods of the defendant's department. The commissioners are clearly within their rights, and the court cannot interfere therewith, in the absence of a fraudulent or corrupt exercise of the power conferred upon them. They are permitted to ask such questions as will enable them to ascertain how the accounts of the department are kept and how the business thereof is conducted. The only limitation upon their examination is that the questions propounded shall be relevant and pertinent. It is in no sense a judicial proceeding. They are not empowered to adjudicate or determine. Armstrong v. Murphy, 65 App. Div. 126, 72 N. Y. Supp. 475. It is merely a part or incident of an administrative system devised by the Legislature for the efficient government of the municipality.

The functions of the commissioners of accounts are not affected by sections 54 and 1534 of the charter. The former provides for an investigation by the board of aldermen and the latter by a justice of the Supreme Court at the instance of citizens or others interested. Neither remedy is exclusive. These sections confer different grants of power for entirely different purposes. Section 119, under which the commissioners are acting, is not unconstitutional. Matter of McAdam, 7 N. Y. Supp. 454, 54 Hun, 637.

Motion granted, unless the defendants submit to examination within five days.

Motion granted.