PEOPLE ex rel. ROTA v. BAKER, Police Com'r.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

MANDAMUS (§ 87*)—SUBJECTS OF RELIEF—DISCRETIONARY POWER—INSURANCE OF LICENSE.

The power of the police commissioner of New York City to issue a concert hall license is discretionary, and not controllable by mandamus, unless his action is arbitrary, tyrannical, or unreasonable, or based on false information.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 87.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Alessandro Rota, against William Baker, as Police Commissioner of the City of New York. From an order denying the motion for a peremptory writ, relator appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and MILLER, JJ.

Max Winder, for appellant.

Thomas F. Noonan (Theodore Connoly, on the brief), for respondent.

RICH, J. The relator made application to the respondent for a concert hall license, which was refused, and now he seeks to compel its issuance by this proceeding. The power to issue such licenses, now vested in the police commissioner, was formerly vested in and exercised by the mayor. Sections 1998–2000, c. 410, p. 1, Laws 1882. Such power is discretionary, and not controllable by mandamus. People ex rel. Worth v. Grant, 58 Hun, 455, 12 N. Y. Supp. 879; Matter of Armstrong v. Murphy (No. 1) 65 App. Div. 123, 72 N. Y. Supp. 473; People ex rel. Park Circle Amusement Co. v. Police Board, 36 Misc. Rep. 89, 72 N. Y. Supp. 583; People ex rel. Mayor v. McCarthy, 102 N. Y. 643, 8 N. E. 85; People ex rel. Schwab v. Grant, 126 N. Y. 473, 27 N. E. 964; People ex rel. Wm. Fox Amusement Co. v. McClellan (decided at Special Term, March, 1909) 114 N. Y. Supp. 594. This rule is varied only when the action of the board or person vested with the power of issuing a license is arbitrary, tyrannical, or unreasonable, or is based upon false information.

The record before us discloses a wise and commendable exercise of the discretion vested in the respondent, and the order must be affirmed, with $10 costs and disbursements. All concur.