(67 Misc. Rep. 539.)

PEOPLE ex rel. BONFIGLIO v. BAKER, Police Com'r, et al.

(Supreme Court, Special Term, New York County. May, 1910.)

CERTIORARI (§ 21*)—WHEN GRANTED—EXERCISE OF JUDICIAL FUNCTIONS.
 The refusal of the police commissioner of the city of New York to grant a license for a theater is not a judicial determination reviewable by certiorari.
 [Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 21.*]

Application by the People, on the relation of Pellegrino Bonfiglio, for writ of certiorari to William F. Baker, police commissioner of the city of New York, and Board of Education of said city. Application denied.

John J. Freschi, for relator.
Archibald R. Watson, Corp. Counsel (Louis H. Hahlo, Asst. Corp. Counsel, of counsel), for defendants.

ERLANGER, J. On March 30, 1910, the relator applied to the police commissioner for a license for a theater, to be located at No. 689 Amsterdam avenue, and offered certain proof in support of his application. It is alleged in the petition that the commissioner referred him to the board of education, and that the board in turn referred him to the committee on elementary schools, and that the latter, after hearing his proof, "decided, adjudicated, and determined and denied petitioner's application for his license."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The relator claims that the commissioner of police in thus delegating his authority to another acted contrary to law, as the power to grant or refuse such license was solely vested in him. Thereupon this application for a writ of certiorari to review the determination of both defendants was made. It appears from the opposing papers that the commissioner of police, after the application was made, caused an investigation to be prosecuted as to whether or not the license should be granted; that objections were made by Mr. Maxwell, superintendent of schools, by Dr. Schauffler, district superintendent of schools, and by the committee on elementary schools of the board of education; that a report adverse to the granting of said license was made by the police inspector in charge of the inspection district in which said premises are located; that, after hearing relator's proof and carefully weighing the evidence for and against the license, he did, in the exercise of his best judgment, decline to grant it, and that in so doing he acted neither arbitrarily nor capriciously, but solely because he believed that the public interests would be subserved in refusing to grant the same. It is also shown by the affidavit of a member of the board of education, who was at the time and now is the chairman of the committee on elementary schools, that the board of education never decided, adjudicated, or determined to deny the license, and never denied the application for the same; that, after the relator appeared before the said committee to obtain its consent to the granting of said license, the matter was referred to said affiant to consult with the president of the board of education, and, after such consultation, it was determined to oppose relator's application; that this opposition was communicated to the relator and his counsel; that there was no actual hearing before the board, and that the appearance of relator and counsel was at their solicitation and for the purpose of trying to obtain a withdrawal of the committee's opposition to the pending application. It thus appears that there was no delegation of authority, and that the commissioner acted solely upon his own judgment and after full investigation was made by him. He did not in passing upon the question act judicially. The law under which he acted confers no such power, and his determination therefore cannot be reviewed by certiorari. Matter of Armstrong v. Murphy, 65 App. Div. 126, 72 N. Y. Supp. 475. It has been repeatedly held that the power of the commissioner is discretionary, and that for a refusal to grant a license mandamus will not lie. Matter of Armstrong v. Murphy, 65 App. Div. 123, 72 N. Y. Supp. 473. And "this rule is varied only when the action of the board or persons vested with the power of issuing a license is arbitrary, tyrannical or unreasonable, or is based upon false information." People ex rel. Rota v. Baker, 136 App. Div. 7, 120 N. Y. Supp. 161. Instead of acting arbitrarily, the commissioner, it seems to me, performed his duty approvingly, and clearly in the interest of the public good. The granting of prior licenses in school districts cannot aid the relator, inasmuch as it has been made to appear that entertainments in such districts have tended to injuriously affect the course of the education of the young, and has otherwise been shown to be a baneful influence to them.

Application denied.