(91 Misc. Rep. 620)

EDELSTEIN et al. v. BELL.

(Supreme Court, Special Term, New York County. September, 1915.)

1. THEATERS AND SHOWS ⬅⮞3—EXHIBITION OF MOTION PICTURES—REFUSAL OF LICENSE—DISCRETION.

The action of the commissioner of licenses of the city of New York in denying a license for the exhibition of a motion picture purporting to show a noted murder trial, but in fact not showing the events at the time and place depicted, was not an abuse of the discretion vested in him by Laws 1914, c. 475, where it appeared that no useful purpose would be served by the production of the film.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 3; Dec. Dig. ⬅⮞3.]

2. THEATERS AND SHOWS ⬅⮞3—LICENSES—DISCRETION—CONTROL BY COURTS.

The courts will not interfere by injunction with the exercise of the discretion vested in the commissioner of licenses of the city of New York by Laws 1914, c. 475, to license or refuse to license theaters and exhibitions given therein, where he has not abused such discretion by acting in an arbitrary, unreasonable, or tyrannical manner.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 3; Dec. Dig. ⬅⮞3.]

Action by Samuel Q. Edelstein and others against George H. Bell. On application for injunction pendente lite. Application denied.

Goldman, Heide & Unger, of New York City, for plaintiffs.

Frank L. Polk, Corp. Counsel, of New York City, for defendant.

COHALAN, J. [1] Application pendente lite to restrain the defendant commissioner of licenses of the city of New York from interfering in any manner with the exhibition of a motion picture, entitled "The Frank Case," in the city of New York, or any other city or place. The plaintiffs herein are producers of a motion picture film which they have called "The Frank Case." This film purports to portray the principal events of the life of one Leo M. Frank, including his trial on the charge of murder in the state of Georgia. It was completed and ready for exhibition while the case, on appeal of Frank, was pending in the Supreme Court of the United States. Under the circumstances, the national board of censorship, to whom the film had been submitted, unanimously refused to approve it, and the commissioner of licenses of the city of New York, for the same reason, denied its production in the moving picture theaters in the city of New York.

Under chapter 475 of the Laws of 1914, the Legislature has vested in the commissioner of licenses discretionary power over theaters and the exhibitions therein. This section reads as follows:

"The commissioner of licenses shall have cognizance and control of the granting, issuing, transferring, renewing, revoking, suspending and canceling: (1) Of all licenses and permits now issued by the mayor pursuant to the code of ordinances of the city. (2) Of all licenses and permits now issued by the bureau of licenses attached to the mayor's office." Greater New York Charter, § 641.

Under section 41, article 2, chapter 3, of the Code of Ordinances, under the title of "Amusements and Exhibitions," there is this provision:

"The inspectors of the department of licenses shall investigate the character of exhibitions in motion picture theaters and open air motion picture theaters, and shall report to the commissioner any offense against morality, decency or public welfare committed in such exhibitions."

It was a salutary provision of the Legislature that this power was vested in the commissioner of licenses, in view of the fact that the moving picture business has grown so rapidly within recent years, and the additional fact that it is an instrumentality capable of doing immense good or of causing irreparable harm. The film in question is a stage production. The scenes are not actual reproductions of the events at the time and place depicted. It is not contended that the authors of the scenario upon which the film is founded have witnessed any of the scenes shown, nor have staged it on any information received from any persons who did actually witness the murder trial. In brief, the film is a creation of the imagination, although it purports to show actual historical events. It is not material to this application whether or not the film shows that Frank was innocent or guilty. The only question for discussion and decision is whether or not proper discretionary power was exercised by the commissioner of licenses.

[2] The rule of law in this state is that the courts will not inter-

fere with the exercise of discretion vested by law in a commissioner or departmental official, unless such commissioner or such official has abused his discretion by acting in an arbitrary, unreasonable, or tyrannical manner. People ex rel. Rota v. Baker, 136 App. Div. 7, 120 N. Y. Supp. 161. In directing that the exhibition of such a film should be suppressed, it is my view that no useful purpose would be served by the production of this film, and that the commissioner of licenses acted reasonably and properly and within his powers. Motion for injunction denied.

Motion denied.