## No. 9675.

### THE PEOPLE *v.* MORLEY.

1. SUPREME COURT—*Original Jurisdiction.* One claiming to be an officer of the District Court, and denied recognition as such, may maintain in this court a petition for mandamus to compel such recognition.

2. BAILIFF OF COURT—*Status.* A bailiff is an officer of the court, but not a state officer within the meaning of the civil service amendment to sec. 13 of article XII of the constitution. Original proceeding in mandamus.

*Original Proceeding in Mandamus.*

*En banc*

Mr. JOHN I. MULLENS and Mr. JAMES J. SULLIVAN, for relator.

Mr. Justice Burke delivered the opinion of the Court.

THE City and County of Denver constitutes the Second Judicial district of the State. It has five District Judges, each presiding over one of its five divisions. At the time of the adoption of article XII, section 13, of the State Constitution (The Civil Service Amendment) there was in each division a court bailiff appointed by the judge, and holding at his pleasure, whose duties were to attend the jury, open and close court, and perform such other services as were required of him by the judge. At that time, and until July 1, 1919, relator was the bailiff in division 2 of said court. At the general election in November, 1918, respondent was elected one of the District judges of the Second Judicial District, and upon the organization of the court in January, 1919, was assigned to said division. July 1, 1919, respondent caused to be entered in said court an order removing relator as bailiff of said division. Relator brings this action for an alternative writ of mandamus requiring respondent to set aside said order, and reinstate him in said position, or show cause for his failure to do so, and asking this court to take original jurisdiction for the reason, among others, that this is an action against a judge of the District Court, involving the personal prerogatives of such judge and the tenure of one of the principal officers of the court. That while the lawful method of appointment and discharge of such officer remains uncertain the proper functioning of the courts of the State may be seriously impeded, and the questions involved are therefore *publici juris.*

Whether one who claims to be an officer of the court, and is denied recognition as such, is entitled to invoke the powers of this tribunal by writ of mandamus to compel such recognition, seems to have been settled in the case of *People ex rel. Baxter v. Hallett,* 1 Colo. 352, 363. There, the court being equally divided, the writ was denied; but upon the correctness of the procedure there appeared no difference of opinion. Upon this ground alone we assume jurisdiction.

Relator contends that he is an officer of the State as contemplated by the Civil Service Amendment, which is sufficiently set forth in the opinion of Mr. Justice Denison, speaking for this court, in the case of *The People ex rel Walker v. Higgins,* No. 9607, decided July 7, 1919; 184 Pac. 365, and that case and the case of *The People ex rel Howell v. Curley,* 5 Colo. 412 are the principal authorities upon which he relies to support his contention. In this we hold he is in error. If the bailiff of the District Court is a State officer, the bailiff of a Federal Court is a United States officer. The contrary has been determined. *United States v. Swift,* 139 Fed. 225, 227, 71 C. C. A. 351.

Court bailiffs are "officers of the court" not "State officers" and are not within the terms of said Constitutional Amendment.

The petition is denied and the cause dismissed at the costs of the relator.

Scott, J. not participating.