## No. 9774.

### THE PEOPLE EX REL. RIORDAN v. HERSEY, ET AL.

Decided January 10, 1921. Rehearing denied March 7, 1921.

*Original Proceeding.*

Petition for mandamus. Demurrer of defendants to alternative writ of mandamus sustained and proceedings dismissed.

1. CIVIL SERVICE—*Application of State Law.* The state civil service amendment applies only to officers and employes of the state.

2. OFFICERS—*Jury Commissioner.* A jury commissioner is not a state officer. He is an officer of the court, exercising judicial functions.

Mr. HORACE N. HAWKINS, Mr. STEPHEN W. RYAN, for relator.

Mr. WILLIAM H. DICKSON, Mr. JOHN CAMPBELL, for respondents.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS is an original proceeding in mandamus, by the People of the State, on the relation of Patrick R. Riordan, against the judges, respectively, of the district, county and juvenile courts of the City and County of Denver. The action involves the right to the office of Jury Commissioner for such City and County, and by the writ it is sought to direct the defendants to annul, set aside and cancel an order of January 6, 1920, whereby under the Jury Commissioner Act, (S. L. 1911, p. 479), they appointed one Frank W. Howbert to that office. The petition also prays that the defendants be likewise directed to enter an order reinstating the relator in office, he having been the incumbent at the time Howbert was appointed. A majority of the defendants have filed a general demurrer to the alternative writ.

At the time Howbert was appointed the state civil service amendment to the constitution was in effect, and the relator, Riordan, claims the right to retain the office thereunder, while the defendants contend, among other things, that the office of Jury Commissioner is not within the provisions of the state civil service amendment, which is concerned with:

"Appointments and employments in and promotions to offices and places of trust and employment in the classified civil service of the state."

The court held, in *People ex rel. v. Higgins,* 67 Colo. 441, 184 Pac. 365, that the amendment applied only to officers and employees of the state, the word "state" being used in the sense of employer, or the entity for whom the service is performed, rather than as a territorial limitation. Unless, therefore, the Jury Commissioner is a state officer it necessarily follows that he is not subject to the provisions of the state civil service amendment and the laws enacted to put it into effect.

Moreover, the state civil service amendment expressly exempts from its operation, among others, "persons appointed to perform judicial functions." The Jury Commissioner is authorized to administer oaths, to summon before him prospective jurors, to examine them as to their qualifications, to pass upon their qualifications and return a list of selected jurors to the court. Every power over this subject, which up to the beginning of the trial has heretofore been exercised by the judges of courts of record, has by this act been delegated to the Jury Commissioner. Custom, law or precedent may have stamped these as ministerial functions in other jursdictions, but plainly in Colorado they have been regarded and treated in the past as, and for the purposes of this case must be held to be, "judicial functions," which fact, by the express provisions of the amendment, exempts this office and this officer therefrom.

One who is "an officer of the court," as distinguished from a "state officer" is not within the terms of the amendment. *People ex rel. Clifford v. Morley,* 67 Colo. 331, 184

Pac. 386. The act itself having designated the Jury Commissioner as an officer of the courts of the county, he is, under this holding, expressly excluded from the operation of the amendment.

State officers are those whose duties concern the state at large, or the general public, although they may be exercised within defined limits. 36 Cyc. 852. Plainly, unless the Jury Commissioner is a state officer he is not subject, under our own decision, to the state civil service amendment. The Jury Commissioners Act expressly provides that such Commissioners "shall be officers of the several courts of record of their respective counties." Their duties, which are thus confined within local limits, do not "concern the whole state" any more than the duties of every other public officer of every grade concern the whole state. If Jury Commissioners are state officers, then every other public officer of whatever grade is also a state officer. Public officers usually belong to one of these three classes, state, county or municipal; but this classification does not include all officers. Thus it was held in the *Speakership Case,* 15 Colo. 520, 25 Pac. 707, 11 L. R. A. 241, that the Speaker of the House of Representatives is not a state officer. He certainly is not a county or municipal officer. It is not necessary to hold a Jury Commissioner to be a county officer if he is found not to be a state officer, or a state officer if he is found to be neither a county officer nor a municipal officer. This is precisely the situation in which this court evidently found a bailiff of the district court, for in *People v. Morley, supra,* we held that bailiffs are officers of the court, but not state officers. This decision seems not only applicable here, but absolutely decisive and controlling.

Practically all the decisions on the subject sustain the proposition that a Jury Commissioner is not a state officer. Several cases hold that he is a county officer. 15 C. J. note 36. Other cases regard him as being neither a state nor a county officer, but as belonging to a separate and distinct class, strictly an officer of the court. In *State v. Mounts,* 36 W. Va. 179, 14 S. E. 407, 15 L. R. A. 243, it was expressly

held that he is *not* a state officer, in the following language:

"The question here presented is, whether the jury commissioners    *    *    *    are officers of the state, or whether they are in fact, like jurors themselves, mere officers of the court, such as commissioners in chancery, and, in a general sense, attorneys. We think there can be no doubt that such commissioners belong to the latter class, and go to make up a part of the judicial machinery, such as commissioners in chancery, general and special receivers, and other similar officers. Jurors are themselves, in a certain sense, officers of the court; and this special commission, (Jury Commissioner) is only a legislative device intended to aid the court in selecting them."

The foregoing was approvingly quoted in *State v. Kendle,* 52 Ohio St. 346, 39 N. E. 947, where the court also said:

"They (the Jury Commissioners,) are appointed by the common pleas judges to assist in the administration of justice, as are master commissioners and court constables. They are but handmaids of the court in the selection of judicious and discreet persons to serve on such juries as are required in the trial of causes, and the presentment of indictments."

Concluding, as we do, that the Jury Commissioner is not a state officer, and that he is "an officer of the court," it necessarily follows from our holding in *People ex rel Clifford v. Morley, supra,* and in *People ex rel. v. Higgins, supra,* that he is not within the civil service laws of the state, unless both of these decisions be flatly overruled.

The demurrer of defendants to the alternative writ of mandamus is sustained, and the proceedings dismissed.

MR. JUSTICE SCOTT, MR. JUSTICE TELLER and MR. JUSTICE DENISON dissent.

MR. JUSTICE DENISON, dissenting.

The question is whether the office of jury commissioner is a state office. I think this is settled by the case of *People v. Higgins,* 67 Colo. 441, 184 Pac. 365, following *People v.*

*Curley,* 5 Colo. 412, 421, where it is said that if the duties of an officer concern the whole state he is a state officer even though elected or appointed for the city and though his powers are confined to local limits and however he is appointed and however paid; and that the administration of justice, the preservation of the public peace and the protection of the rights of the citizen, although confined to local agencies, are essentially matters of public concern.

The jury commissioner is engaged in the administration of justice and in the protection of the rights of the citizen as much as the water commissioner in *People v. Higgins,* the police magistrate or justice of the peace in *People v. Curley* or the division engineer in *People v. Chew,* 67 Colo. 394, 187 Pac. 513.. He is therefore a state officer.

This conclusion is fortified by the fact that the civil service amendment, in defining the classified service expressly excepts from the category "classified civil service of the state" offices in substantially the same relation to the state as the office now in question, e. g., clerks of courts and stenographers. If these were not offices in the civil service of the State there could be no occasion for exception.

The next point is that the commissioner is a "person appointed to perform judicial functions," and so is excepted from the classified service.

The statute expressly provides that commissioners "shall be officers of the several courts of record of their respective counties." (S. L. 1911, 480.) This, however, does not give him judicial functions, nor does it bring him within any of the exceptions expressed in the act; on the contrary, since some officers of the courts are expressly excepted from the classified service by the act, the conclusion is inevitable that court officers as such are not excepted.

Has he any judicial function? His powers are:

1.   To administer oaths.

2.   To keep a record of his proceedings.

3.   To prepare a list of persons in his county qualified by law to serve as petit jurors.

4. To question by mail all persons whom he thinks qualified for jury duty.

5. To summon them for examination.

6. To examine them under oath as to the qualifications of themselves or others.

7. To prepare slips with name and address of every man on the list and put them in a box.

8. To attend at the drawing of the names from the box.

The only functions here mentioned which resemble judicial functions are the fifth and sixth. The third is a ministerial function (*In re Virginia*, 100 U. S. 348, 25 L. Ed. 676; *Hamma v. People*, 42 Colo. 401, 94 Pac. 326, 15 L. R. A. [N. S.] 621, 15 Ann. Cas. 655) formerly performed by the county commissioners and is the real and substantial duty of the office of jury commissioner to which all the others are ancillary or incidental; the first, second, fourth and seventh are ordinary clerical duties and under the eighth, the commissioner, with other officials, attends merely as a witness to insure fair play.

The fifth function is to issue summons to any person whom he believes qualified; but the issue of summons is not a judicial act. *Weil v. Geier*, 61 Wis. 414, 416, 21 N. W. 246. So of other writs: *Flournoy v. Jeffersonville*, 17 Ind. 169, 79 Am. Dec. 468; *Knowle's Case*, 8 Me. 71.

The serious question is whether the sixth, the power to hear witnesses under oath and determine from such evidence whether a name shall be put in the box, is a judicial power and the exercise of it a judicial function.

In most of the cases on this point, cited by respondents, the question was whether the power of appointment by judges was unconstitutional because not within the judicial but rather the administrative department of the state government. The courts held that it was germane to the judicial department, and so constitutional, that the appointment of the commissioner was a constitutional act, because he was selected to aid the courts in performing their judicial functions and the selection of such aids appertains to the judicial department. This is far from holding that the

commissioner is a person appointed to perform judicial functions, although some things said in those cases go to that extent. There are cases holding that certain functions are not judicial and so may be conferred by statute on officers not judicial, as *DeCamp v. Archibald,* 50 O. St. 618, 625, 35 N. E. 1056, 40 Am. St. Rep. 692.

A judicial function is an act performed by virtue of judicial powers. Judicial power is power to adjudicate, *i. e.,* hear, consider and determine rights of parties and render a judgment, or some sort of a lawfully enforceable decision thereon. *People v. Simon,* 176 Ill. 165, 170, 52 N. E. 910, 44 L. R. A. 801, 68 Am. St. Rep. 175; *Durham v. Lewiston,* 4 Greenl. (Me.) 140, 143; *Sanders v. Cabaniss,* 43 Ala. 173, 181.

Judicial power, properly so-called, must include the power to hear and determine, but not every one who may hear and determine has judicial power. *People v. Colorado Title & Tr. Co.,* 65 Colo. 472, 178 Pac. 6; *People v. Simon,* 176 Ill. 170, 52 N. E. 910, 44 L. R. A. 801, 68 Am. St. Rep. 175; *State v. Le Clair,* 86 Me. 522, 528, 529, 30 Atl. 7; *State v. Hawkins,* 44 Ohio St. 98, 5 N. E. 228; *Cameron v. Parker,* 2 Okl. 277, 335, 38 Pac. 14.

The necessity of inquiry or determination of a fact before acting does not make the act a judicial one. *People v. Colo. Title & Tr. Co.,* 65 Colo. 472, 178 Pac. 6; *Merwin v. Boulder County,* 29 Colo. 169, 174, 175, 67 Pac. 285; *Sheely v. People,* 54 Colo. 136, 139, 129 Pac. 201; *Betts v. Dimon,* 3 Conn. 107, 109; *Grider v. Tally,* 77 Ala. 422, 425, 426, 54 Am. Rep. 65; *Crane v. Camp,* 12 Conn. 464; *Flournoy v. Jeffersonville,* 17 Ind. 169, 174, 79 Am. Dec. 468; *State v. Le Clair,* 86 Me. 522, 529, 30 Atl. 7.

The functions held not judicial include determination that a subordinate has been guilty of misconduct. *Cameron v. Parker,* 2 Okl. 277, 38 Pac. 14; that a pauper belongs in another state, *Knowles' Case,* 8 Greenl. (Me.) 71; that liquor is stored in a building, *State v. Le Clair,* 86 Me. 522, 30 Atl. 7; that police commissioners are guilty of misconduct in office, *State v. Hawkins,* 44 Ohio St. 98, 5 N. E.

228; that an affidavit in replevin is sufficient, *Pennington v. Streight*, 54 Ind. 376; also power to designate where fire escapes shall be put on a building, *Arms v. Ayer*, 192 Ill. 612, 61 N. E. 851, 58 L. R. A. 277, 85 Am. St. Rep. 357; and to grant or withhold a theatrical license, *Armstrong v. Murphy*, 65 App. Div. 126, 72 N. Y. Supp. 475; the clerical work of a county judge acting as his own clerk, *Hamma v. People*, 42 Colo. 401, 408, 409, 94 Pac. 326, 15 L. R. A. (N. S.) 621, 15 Ann. Cas. 655, quoting with approval *In re Virginia*, 100 U. S. 339, 342, 25 L. Ed. 676. Selection of jurors has also, by the highest authority, been said to be not a judicial function. *In re Virginia*, 100 U. S. 339-342, 25 L. Ed. 676, and passing, by county commissioners, on claims against the county, *Merwin v. Boulder County*, 29 Colo. 169, 174, 175, 67 Pac. 285.

If it is not a judicial act for a county judge to make up a jury list, how can it be for a jury commissioner? If it is a ministerial act for county commissioners to hear evidence, and thereby determine a claim against the county, why is it not ministerial for a jury commissioner to hear evidence and determine whether a name shall go on the list?

The court still performs the judicial function of passing on the qualifications of the panel when drawn and of the jurors called for each case as it did when the county commissioners performed the duty now imposed on the jury commissioner.

These authorities force me to say that he does not perform judicial functions.