No. 10,153.

PEOPLE, EX REL. FISHER *v.* LUXFORD, COUNTY JUDGE.

Decided June 5, 1922.

Action in mandamus. Writ denied.

*Affirmed.*

1.  CIVIL SERVICE—*Court Clerks.* The clerk of a court and his deputies are not state officers and are not under civil service.

*Error to the District Court of the City and County of Denver, Hon. H. E. Munson, Judge.*

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, Mr. WM. E. HUTTON, for plaintiff in error.

Mr. WILLIAM H. DICKSON, Mr. FRANCIS J. KNAUSS, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in mandamus. The relator seeks reinstatement to the position of bookkeeper and deputy clerk in the office of the clerk of the county court of the City and County of Denver. She occupied that position at the time the civil service amendment to the state Constitution went into effect, and afterwards was removed from the position by the respondent, the County Judge, who proceeded in this matter without reference to any civil service law or regulation. The relator claims the position in question is within the civil service amendment. It is admitted that the position is one of those wherein the incumbent is "an officer of the court." The same designation has been applied by this court to a bailiff in *People v. Morley,* 67 Colo. 331, 184 Pac. 386, and we there said: "Court bailiffs are 'officers of the court,' not 'state officers,' and are not within the terms of said constitutional amendment." This decision was followed in *People v. Hersey,* 69 Colo. 492, 196 Pac. 180, 14 A. L. R. 631, where a jury commissioner was likewise designated as an officer of the court. From these two cases, which are decisive of the instant case, it necessarily follows that a clerk of a court and his deputies are not state officers and are not under civil service. The judgment denying relator relief was correct, and is affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON dissent.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER dissenting:

The majority opinion holds that the relator is not within

the classified civil service because she is not a state officer. I cannot agree with that conclusion.

In no case in which the civil service amendment to the constitution has been construed has that question been involved. Statements to that effect have not been necessary to the judgments rendered, and are merely dicta, not binding upon us. The decisions in question were based upon the fact that state officers, not specifically excepted, are within the classified service, but none of them held, nor was there any ground for holding, that *only* state officers are within that service.

Among the officers excepted from the service are "Judges of courts of record and one stenographer of each judge, *one clerk for each court of record.*" The natural and obvious meaning of this is that all clerks of a court of record except one, are within the classified service. If such is not the intent of the law, this provision is wholly without meaning. If clerks of courts are not within the classified service, there is no possible reason for excepting one clerk from such service.

We have no right to ignore the plain intent of the law, and the judgment should therefore be reversed.

I am authorized to state that Mr. Justice Denison concurs in the views above expressed.

MR. JUSTICE DENISON dissenting:

I cannot agree with the majority opinion either in its argument or conclusion. The relator is within the classified service.

In *People v. Higgins,* 67 Colo. 441, 184 Pac. 365, we held that a water commissioner was within the classified service on the ground that he, being a peace officer, was engaged "in the administration of justice," and therefore was a state officer, following *People v. Curley,* 5 Colo. 412, where it was held that a police judge of the city of Leadville was a state officer. If a police judge and a water commissioner are state officers because engaged in the administration of justice, how can it be said that a deputy

clerk of a court of record is not? The civil service amendment recognizes this, and excepts from the classified service "one clerk for each court of record." There is no reason in this exception, unless it was intended to include in the classified service an assistant or deputy clerk.

The claim is made that this last point is of no force because neither the clerk nor his deputy is within the classified civil service of the state, and therefore cannot be excepted from it, but that claim is groundless since they are within that service because engaged in the administration of justice, as held in *People v. Higgins.*

I am authorized to say that Mr. Justice Teller concurs in this dissent.