## No. 11,551.

### BOARD OF COUNTY COMMISSIONERS OF RIO GRANDE COUNTY *v.* BERNUTH.

Decided April 5, 1926.

Action by clerk of a county court for salary. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  BONDS—*Official.* Giving, and filing a bond are two different things. The filing officer has nothing to do with the giving of bonds.

2.  OFFICES AND OFFICERS—*Clerk of County Court.* The clerk of a county court is not a state officer.

3.  COURTS—*Clerk of County Court—Bond.* In the absence of special statute the bond of a clerk of a county court may properly be filed with the same officer as the bond of the county judge, viz., the county clerk and recorder.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. JESSE STEPHENSON, for plaintiff in error.

Mr. W. SCOTT CARROLL, Mr. JAMES P. VEERKAMP, for defendant in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

PLAINTIFF in error was defendant below. When not otherwise designated, we shall refer to it as defendant, or "the board," and to defendant in error as plaintiff, in accordance with their alignment there.

Plaintiff obtained judgment upon a claim previously disallowed by the board, for plaintiff's salary as clerk of the county court of Rio Grande county. Defendant brings error and asks for a supersedeas.

Plaintiff was duly appointed to the office, took oath and procured a bond in the sum of $5,000 for the faithful discharge of her duties; the bond was approved by the board and filed in the office of the county clerk and recorder of Rio Grande county. Plaintiff has performed the services.

Counsel for the board contends that the bond should have been filed in the office of the secretary of state; that not having been so filed, plaintiff did not qualify, hence not entitled to her salary. The case is submitted upon this proposition.

C. L. 1921, section 5802, provides that judges of county courts may each appoint a clerk. It further provides: "If any clerk shall be appointed as aforesaid, he shall qualify and give bonds as clerks of the district court are required to do, and be subject to the same liabilities as are or may be provided by law in relation to the clerks of the district courts."

C. L. 1921, section 7965, requires bonds of clerks of district courts to be filed in the office of the secretary of state. Counsel for the board argues from this that bonds of clerks of county courts should be filed in the same place. We cannot agree with this reasoning. Giving and filing the bond are two distinct things; the filing officer has nothing to do with the giving of bonds and the statute does not say where bonds of clerks of county courts shall be filed. We do not regard the word "qualify" as having so narrow a meaning as to require such a bond to be filed in the office of the secretary of state, in the absence of statute.

Counsel for the board cites *Frost v. Board of County Commissioners of Teller County*, 43 Colo. 43, 95 Pac. 289, but it is not in point. In that case the bond had not been filed in the office of the secretary of state, nor with

the clerk and recorder of Teller county until after the period involved in the accounting.

Counsel for defendant also calls our attention to *Dixon v. People,* 53 Colo. 527, 127 Pac. 930, to effect that the county judge is a state officer. From this he argues that the judge's clerk must be a state officer too, and therefore required to file her bond in the office of the secretary of state. But he has overlooked *People ex rel. v. Luxford,* 71 Colo. 442, 207 Pac. 477, where we held that a clerk of a county court and his deputies are officers of the court and not state officers. Furthermore, C. L. 1921, section 7981, requires the bond of the county judge himself to be filed in the office of the county clerk.

We do not say that it would have been improper to file the bond in the office of the secretary of state; there is no such question before us. We hold that in the absence of a special statute, a clerk's bond may be properly filed with the same officer as the bond of his superior. The main thing is that a good bond shall be given and that it shall be placed in the hands of a public custodian. This has been done and it is doubtless more conveniently located for Rio Grande county where it is, than it would be anywhere else.

No substantial rights of the county are involved, and plaintiff is entitled to her salary. The supersedeas will therefore be denied and the judgment affirmed.

MR. JUSTICE DENISON not participating.