Ms. Denise Rice and Ms. Kerry Dwyer Office of the Governor 13 State Capitol Building Denver, Colorado 80203
Dear Ms. Rice and Ms. Dwyer:
I am writing in response to your request for an attorney general's opinion on the following question:
QUESTION PRESENTED AND CONCLUSION
Whether article VI section 24(4) of the Colorado Constitution prohibits members of the judicial nominating commission from holding county or municipal public office while serving on the commission.
My opinion is that it does not.
ANALYSIS
Article VI section 24(4) states in pertinent part . . . "No voting member of a judicial nominating commission shall hold any elective and salaried United States or state public office . . ."
Your inquiry is specifically addressed to the question of whether "state public office" includes municipal and county offices within the State of Colorado.
The Colorado courts have not interpreted "state public office" as it appears in article VI section 24(4). However, the courts have defined "public officers of the state" as that phrase appears in article XXI, section 1. In Guyer v. Stutt, 68 Colo. 422,191 P. 120 (1920), the court distinguished officers of the state from members of school boards, county, city, town and precinct officers. While acknowledging that those offices were created by state law, the court held that the power to recall officers of the state did not extend to the recall of local officers.
In Riordan v. Hersey, 69 Colo. 492, 196 P. 180 (1921), the Colorado Supreme Court defined state officer as "one who receives his authority under the laws of the state and whose duties concern the state at large or the general public, even though they may be exercised in an area not coextensive with the state." That decision reflects the three tests established byPeople v. Higgins, 67 Colo. 441, 184 P. 365 (1919). Under Higgins, a state officer is either: 1) part of a statewide system; 2) controlled by state authorities and officials; 3) a peace officer. If the officer in question does not fall within one of these three categories, then he is not a state officer. County and municipal officers, unless officers of the peace, are officers of local not statewide authority and their duties are not subject to control by state officials.
This interpretation is consistent with the definition of state and district offices in the Colorado Election Code. Such offices are defined as governor, lieutenant governor, secretary of state, treasurer, attorney general, regents of the University of Colorado, state legislators, members of the state board of education and district attorneys. C.R.S. 1973, 1-16-102.
Clearly, if the framers of the constitutional provision, had intended to include county and municipal offices within the definition of "state office" such language could have been utilized. (See article XII section 1 of the Colorado Constitution; "any civil office under the state or any municipality thereof.")
It must be noted that article VI section 24(4) prohibits a commission member from holding "elective and
salaried . . . state public office." Commission members are therefore not prohibited from holding appointive offices, nor offices without compensation.
SUMMARY
In conclusion, it is my opinion that members of a judicial nominating commission are eligible to hold local and municipal offices within the State of Colorado while serving as members of the judicial nominating commission. I hope that this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
JUDICIAL SELECTION PUBLIC OFFICE QUALIFICATIONS
Colo. Const. art. VI, § 24
EXECUTIVE BRANCH Governor, Office of
Members of judicial nominating commissions may hold local and municipal offices.